**FOX RIG & LBR. CO. et al. v. FRIAR et al.**

No. 21423.   Opinion Filed Nov. 18, 1930.

Clayton B. Pierce and T. B. Rucker, for petitioners.

Harris & Teague, for respondents.

CLARK, J. This is an original action, filed in this court by petitioners, seeking to review an award of · the State Industrial Commission, made and entered on the 9th day of May, 1930, wherein Monroe H. Friar was awarded compensation at the rate of $17.31 per week for a period of 17½ weeks · from January 2, 1930, to May 9, 1930, less the five-day waiting period, and less four weeks' compensation previously paid, and a further order that said compensation continue at the rate of $17.31 per week until otherwise ordered by the Commission.

The Industrial Commission found that the respondent Friar sustained an accidental injury on the 2nd day of January, 1930; that said personal injury arose out of and in the course of his employment with the petitioner.

Petitioners contend: First, that said order is contrary to law; second, that the find-ings of the State Industrial Commission are not supported by any evidence and are contrary to the evidence; third, that incompetent evidence was admitted and considered by the Industrial Commission over the objection and exception of petitioners; fourth, that the award is contrary to the evidence and without support of any evidence.

It is the contention of ·petitioners herein that there was no evidence sustaining the award of the State Industrial Commission, and they cite the testimony of physicians who testified in behalf of petitioners and insurance carrier. The record discloses that on January 2, 1930, respondent testified that he was standing over dynamite that had been placed in the cellar when the explosion went off and blew him up into the air. He fell on his back· and head. Some men took him out of the cellar and poured water on him.

The record further discloses that respondent was immediately taken to a hospital and given medical attention, and on January 17, 1930, 15 days thereafter, respondent was discharged by petitioner's doctor as able to return to work. Respondent then went to his own doctor for examination and treatment.

On February 13, 1930, Dr. Dowdy examined respondent and testified as to the general condition. of respondent Friar as follows:

"Q. What did you find to be his general condition? A. I found Mr. Friar to be a real sick man on that day he came to my office; he was weak and nervous; he could hardly stand up. He had a temperature of 101 and his pulse was 100, and he was complaining of great pain in his back, and had difficulty in breathing on the slightest exertion; he would have this difficult breathing and very rapid heart; I found that on his back, low down, and on his left hip, were discolorations which showed signs of bruises; there were two injuries just in front of the leg below the right knee; one of them was not healed at that time and slightly irritated."

Claimant testified that his condition was the result of the explosion. Dr. Dowdy further testified that he examined respondent on March 13, 1930, and, after describing his condition, said he was unable to work, and that if he were under his care he would forbid him to work.

We think this testimony sufficient to support the judgment and finding of the Industrial Commission that claimant had temporary total disability. It is a well-estab-

lished rule in this state that where there is any competent evidence reasonably tending to support the judgment and award of the Industrial Commission, the same will not be disturbed by this court on review. We will not weigh the evidence to determine the weight and value thereof, but where the award is supported by competent evidence, the same will be affirmed. The citation of authorities on this question is unnecessary.

Judgment and award of the State Industrial Commission is affirmed.

MASON, C. J., LESTER, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. HUNT, J., absent.