**McARTHUR et al. v. CARMICHAEL et al.**

No. 22468. Opinion Filed Sept. 22, 1931.

Ray Teague, James C. Creek, and Albert L. McRill, for petitioners.

Carmon C. Harris, for respondents.

LESTER, C. J. This is an original proceeding herein by the petitioners, seeking to review order of the State Industrial Commission of May 19, 1931, to set aside and vacate for the reason that the same is contrary to law.

The record shows that the claimant was injured on January 23, 1931, while cleaning out an oil tank belonging to the petitioners; that the petitioners immediately sent the claimant to a physician and thereafter the petitioners began to pay compensation. The record further discloses that the respondent was sent from one doctor to another and finally placed in a hospital, and that a cast was placed upon his ankle, which remained thereon for a long period of time.

The petitioners then filed a motion to discontinue the compensation on the ground that the claimant was not suffering from the disability of the accidental injury while in the employment of the petitioner, but by reason of his own misconduct in refusing to accept medical aid and co-operate with the physicians. This is covered by the following assignment of error:

"Claimant unreasonably refusing medical treatment of any character, and if his injuries are now of a permanent character, which your petitioners deny, this result has been occasioned by the unreasonable attitude of the claimant in refusing medical treatment and failure on claimant's part to co-operate therein."

The case was heard on the 14th day of May, 1931. The only evidence offered by the petitioners was that the claimant was not disabled, and if he was disabled that the disability was the result of his own conduct. On the contrary, the record shows that the claimant testified that he was injured and the extent thereof; also, the doctor's testimony as to the extent of claimant's injury and the disability. There does not seem to have been any evidence of any kind or question raised as to the hazardousness or non-hazardousness of the employment, and in view of the payment of the compensation by the petitioners and the conduct of both parties as disclosed by the record, that ques-

tion was not an issue, and not being an issue before the Industrial Commission, the same cannot be raised for the first time on appeal.

In the case of Pine Belt Lumber Co. v. Riggs, 80 Okla. 28, 193 P. 990, this court said:

"The parties to an action having presented their case, or defense, to the trial court upon a certain, definite theory, are bound thereby, and will not be permitted to change the theory of the case, either at any subsequent stage in the trial court, or in the appellate court upon appeal."

The question of cause of claimant's disability under the assignment of error herein mentioned is a question of fact for the Commission to determine whenever the evidence is in conflict.

The reasonableness and unreasonableness of claimant to respond to medical treatment is a question of fact likewise to be determined by the Commission.

The evidence in this case is conflicting, and the merits of the evidence cannot be gone into in this court since this court has repeatedly laid down the rule that, if there is any evidence tending to support the finding of the Industrial Commission, same cannot be disturbed, that the only question considered by this court is a question of law. Rector v. Roxana Petroleum Corp., 108 Okla. 122, 235 P. 183; Fox Rig & Lumber Co. v. Friar, 146 Okla. 37, 293 P. 230.

In the case of Consolidated Lead & Zinc Co. v. State Industrial Commission, 147 Okla. 83, 295 P. 210, this court held:

"The unreasonableness of the refusal of an injured employee, who is seeking compensation under the Workmen's Compensation Law, to permit an operation to be performed, is a question of fact to be determined by the evidence, and the burden of proof to establish that the tendered operation is simple, safe, and reasonably certain to effect a cure, is upon the employer."

In the Consolidated Lead & Zinc Co. v. State Industrial Commission Case, supra, the evidence showed that there were two methods of curing the claimant, one by wearing a brace, the other by operation. The claimant did not co-operate in wearing the brace and the operation was tendered and refused, and the court held that the refusal or lack of co-operation upon the part of the claimant was a question of fact. We think that this disposes of the material questions of this proceeding, and, for the reasons stated, the award of the Industrial Commission is affirmed

RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and ANDREWS, J., absent.