## RECTOR v. ROXANA PETROLEUM CORP. et al.

No. 15752—Opinion Filed March 3, 1925.

Rehearing Denied April 7, 1925.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law—Award for Loss of Eye Refused Where Sight Previously Destroyed.**

Section 7290, Comp. Stats. 1921, as amended by Senate Bill 155, chapter 61, Session Laws of Oklahoma 1923, provides that one injured may, in compliance with the Oklahoma Compensation Act, receive 100 weeks. compensation, medical expenses, hospital fees, etc., for the loss of an eye; that the permanent loss of the use of an eye shall be considered as the equivalent of the loss of such eye. The record examined, and held, that where claimant is shown to have suffered a prior injury to the one complained of, by reason of which there was no practical use of the eye later injured, claimant could not recover for the loss of an eye.

2. **Same—Appeal — Conclusiveness of Findings Below.**

"Where a controversy arises between an employe on one side and the employer and his insurance carrier on the other, the commission sits as the triers of the facts; and the findings of the commission upon a question of fact becomes final and binding upon all parties, including the appellate court, in case of an appeal." Scruggs Bros. & Bill Garage v. State Ind. Commission, 94 Okla. 187, 221 Pac. 470.

Error from State Industrial Commission.

Action by C. W. Rector, petitioner, against Roxana Petroleum Corporation. Aetna Life Insurance Company, and the State Industrial Commission of the State of Oklahoma respondents, to reverse an order of the State Industrial Commission. Affirmed.

Fred W. Green and Merle G. Smith, for petitioner.

George F. Short, Atty Gen., Baxter Taylor, Asst. Atty. Gen., and Ross & Thurman, for respondents.

RILEY, J. This is an appeal from an order of the Industrial Commission of August 15, 1924, awarding the claimant, C. W. Rector, $438 for temporary total disability, and $300 for serious and permanent disfigurement of the face. The injury suffered by claimant occurred on July 9, 1923, while he was in the employ of Roxana Petroleum Corporation, respondent. Because of the injury it was necessary to remove the right eye of claimant. It is disclosed by the record that prior to the injury complained of, and at the age of seven years, the claimant suffered an accidental injury to his right eye which caused almost a total loss of vision, and as a result thereof he could not use this eye for any practical purposes, but could detect light from darkness. Up until the time of the recent injury there was no disfigurement of the face, nor noticeable defect of the eye.

Dr. C. B. Barker, who attended claimant when he received this recent injury, testified before the Industrial Commission, in part. as follows:

"Q. What was the condition of the right eye at the time you removed it? Was there any vision at all in the blind eye? A. So far as useful vision, there was not. Q. None. A. No, not enough to use. Q. Blind for all practical purposes? A. Yes, sir."

It is the contention of claimant that he lost an eye and is entitled to 100 weeks' compensation within the meaning of Senate Bill 155, Session Laws of Oklahoma 1923, page 124, which is in part as follows:

"Eye: For loss of an eye, 100 weeks. Loss of Use: Permanent loss of use of *** eye shall be considered as the equivalent of the loss of *** eye."

It will be observed from Senate Bill 155, supra, and section 7290. Comp. Stats. 1921, that the permanent loss of the use of an eye shall be considered as equivalent to the loss of an eye. It follows logically and and naturally that if the claimant had already lost the use of an eye before he entered the service of the respondent he could not lose the use of it while in such ser-

vice, and that since he could not lose the use of an eye while in the service of the corporation he could not be awarded compensation for its loss.

The Legislature specifically provided that the loss of the use of an eye and the loss of an eye are equally the same thing.

The Workmen's Compensation Law in Oklahoma, in this regard, is unlike such law, that has been called to our attention, in any other state.

The Oklahoma Legislature provided for the payment of compensation for disfigurement, and in the instant case there are only two losses that were sustained by the claimant—loss of the value of his services while disabled, and damages suffered because of a permanent disfigurement to the face.

The Industrial Commission, in its order, has made an award to compensate claimant for both of these losses. The commission allowed him $438 for temporary total disability and $300 for serious and permanent disfigurement of the face. The Industrial Commission tried this matter; observed the extent of the disfigurement caused by the extraction of the eyeball; observed the amount the disfigurement was lessened by the use of a glass eye, and, in their discretion, allowed claimant $300 for disfigurement. Under the amendment to the Workmen's Compensation Law this amount could have been in any sum not to exceed $3,000.

The question of extent of damages sustained by claimant as the result of disfigurement was definitely outlined by the Industrial Commission. Both sides introduced evidence thereon and the commission, after having heard and considered all this evidence, rendered their judgment in the amount above stated, reciting that the same would reasonably compensate the claimant for his loss, and under the well-defined and settled doctrine of this state the decision of the Industrial Commission, as supported by the evidence, is conclusive upon the courts. Booth & Flinn v. Cook, 79 Okla. 280, 193 Pac. 36, in which it is stated:

"A question of fact which is determined by the Industrial Commission under the Workmen's Compensation Act, is conclusive."

In the case of Scruggs Bros. & Bill Garage v. State Industrial Commission, 94 Okla. 189, 221, Pac. 470, the following rule appears:

"Where a controversy arises between an employe on one side and the employer and his insurance carrier on the other, the commission sits as the triers of the facts; and the findings of the commission upon a question of fact become final and binding upon

all parties, including the appellate court, in case of an appeal."

So, in the case at bar the question of fact as to the extent of the damage suffered by the claimant as a result of the disfigurement has already been passed upon, and there is evidence to support the findings of the Industrial Commission. There is no complaint here that the Industrial Commission did not amply provide for the temporary total disability of claimant occasioned by his loss of work and as shown by their award of $438. There is no showing that claimant's ability to earn money in the future has been diminished as a result of the removal of his eye, nor that the removal of the eye has rendered it more difficult for him to procure employment.

The citation of cases, relied on by claimant, are taken from courts of other states and none of them construe statutes that are similar to the Workmen's Compensation Acts of Oklahoma.

In the case of Northwestern Fuel Company v. Lepius et al. (Wis.) 152 N. W. 586, it appears that the Legislature of Wisconsin had not provided for the loss of use of a member, and therefore there must have been an actual severance before an award could be claimed.

Finding no error in the award made by the Industrial Commission, the same is hereby affirmed.

NICHOLSON, C. J., and BRANSON, HARRISON, MASON, PHELPS, LESTER, HUNT, and CLARK, JJ., concur.

Note.--See under (1) C. J. — Cyc. Workmen's Compensation Acts, p. 97; (2) Workmen's Compensation Acts, p. 122.