### HAYNES DRILLING CO. et al. v. PRATT et al.

No. 21583.   Opinion Filed Nov. 18, 1930.

Rehearing Denied Dec. 16, 1930.

A. J. Follens and Clayton B. Pierce, for petitioners.

R. P. Hill, John M. Lawrence, and R. P. Hill, Jr., for respondents.

CLARK. J.   This is an original action in this court to review a judgment and award of the State Industrial Commission, made and entered on the 7th day of July, 1930, wherein the State Industrial Commission awarded to respondent J. N. Pratt compensation at the rate of $18 per week for a period of 100 weeks for the loss of the right eye, less $400, previously paid as compensation, and also an award and order that petitioners pay all medical expenses incurred by claimant as the result of said injury.

It is contended by petitioners: First, the order and judgment of the court is contrary to law; second, the order and judgment of the court is not supported by the evidence; third, the burden of proof was on the claimant to prove that he suffered a total loss of vision within the meaning of the Workmen's Compensation Law, and as claimant has not done this, the findings of fact are erroneous and contrary to the law.

It is the contention of petitioners that prior to the accident, the claimant had no vision in the right eye.   The record discloses that prior to the accident claimant had a cataract on the right eye that obstructed the vision of the eye.   Respondent Pratt testified as follows:

"Q.   What was the condition of your eye at the time of the accident?   A.   When the injury occurred I had a cataract over the eye, but not complete loss of vision."

He further testified:

"Q.   Was it in such condition it couldn't be repaired and made good?   A.   No, sir; the doctors told me they could.   Q.   Have you ever consulted a physician about a cataract before this injury?   A.   Yes, I have. Q.   And did they think it could be restored? A.   Yes, and the advice was to let it go unless something happened to the other eye."

Dr. H. Coulter Todd testified that the condition of the eye was the result of the injury, and that it was necessary to remove the same.   Dr. Todd further testified as follows:

"Q.   Had the eye not been injured then, the vision of the eye could have been restored, as far as the cataract was concerned? A.   The probability is, it could have been. Q.   It was merely obstructing the vision as it stood at that time?   A.   Yes, sir. * * * A.   I have operated on several and got by all right.   It is dangerous at best, and we feel it is best not to operate on one if they have a good eye, but a man has the possibility of having the cataract removed."

Petitioners cite and rely on the case of Rector v. Roxana Petroleum Co., 108 Okla. 122, 235 Pac. 183.   In this case the Industrial Commission found against the claimant and this court followed the well-established rule that where there is any competent evidence reasonably tending to support the finding and judgment of the Industrial Commission, the same will not be disturbed by this court on review.

We are of the opinion that the case is not in point, but the law announced in that case applies in the case at bar.   A temporary loss of vision of the eye would not preclude respondent from recovering for the loss of an eye.   The Industrial Commission found in favor of claimant, and there is evidence reasonably tending to support the finding of the Industrial Commission.   The judgment and award of the Industrial Commission is affirmed.

MASON, C. J., LESTER, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.  HUNT, J., absent.