**ELLIS & LEWIS, Inc., et al. v. LANE et al.**

No. 22074. Opinion Filed Oct. 27, 1931.

A. J. Follens and Clayton B. Pierce, for petitioners.

Eck E. Brook and A. L. Brook, for respondents.

ANDREWS, J. This is an original proceeding to review an award of the State Industrial Commission in favor of the claimant, respondent herein, against the petitioners herein.

The State Industrial Commission found that the claimant sustained an accidental personal injury arising out of and in the course of his employment with the respondent on the 11th day of September, 1930; that while so employed in the occupation of truck driver on road construction, some-

thing hit the claimant in the right eye, and that as a result thereof the claimant was temporarily totally disabled for two weeks, and sustained a permanent total loss of vision in the right eye. An award was made which was based on those findings.

The claimant testified that he had sustained an injury to his right eye while working in the state of Arkansas shortly prior to the date of the injury complained of in this case. We quote from his testimony as follows:

"Q. Mr. Lane, I believe you testified you could see out of your eye prior to this getting cement in your eye? A. Yes, I could. Q. Could you read, or do anything like that? A. Well, my vision when Dr. Gardner, at Fort Smith, released me—he tested my eyes, and in, moving his fingers over my eye with a blindfold over my left eye, I could see my eye was not out. Q. How far? A. Eighteen inches. He blindfolded my right eye and tested the left and blindfolded the left and tested the right."

We quote from the testimony of Dr. Gardner as to the condition of the claimant's right eye prior to the injury complained of in this case as follows:

"Q. On the day of his discharge, state whether or not you examined him as to whether or not he was able to be dismissed? A. Yes, we examined him. Q. What did you find? A. At that time he could count fingers at two feet and could see the light 20 feet"

—and from his cross-examination as follows:

"Q. I believe you said the last time, which was March 17, 1930, you gave this man a final eye set, right, on that date would you say this man for all practical purposes could use that eye to go out and do work as a laborer and drive a truck? A. No, sir. Q. He would have to depend to a high degree upon the sight of his left eye? A. Yes, he could not drive a truck when I saw him last. Q. Could he distinguish light from dark? A. Yes, he could see the light 20 feet. From where I am sitting—in the office next door we have a chart with a light reflecting upon the chart, and he could see the light 20 feet."

We quote from the testimony of Dr. Fullenweider, as to the condition of the claimant's eye prior to the injury complained of in this case, as follows:

"Q. Could it be possible, assuming the claimant's eyesight was in good condition, and he received this lime on the 11th,—could he have lost his sight in two days? A. No, sir; he could not have developed that scar which destroyed his vision in two days; if my experience is worth anything, it is absolutely impossible."

There is nothing in the record to the contrary.

The rule of law applicable is that stated in Wise-Buchanan Coal Co. v. Risco, 150 Okla. 190, 1 P. (2d) 411. We do not think it necessary to quote from that decision. The rule therein stated is applied herein.

It is contended by the claimant that when he was discharged by Dr. Gardner after the Arkansas injury, his eye was well. We will not herein determine whether or not his eye was well. We are considering the question of whether or not he had any vision in the eye after the Arkansas injury and, if so, the amount of vision remaining in that eye.

We quote from the statement of the State Industrial Commission as follows:

"By the Court: Well, I don't know if you said disability or claim, but what he is suffering with at this time, arises out of an accident in Arkansas."

The claimant further contends that he had sufficient vision in his eye to enable him to work after the Arkansas injury and prior to the Oklahoma injury. That contention overlooks the fact that he could do the kind of work he was doing with only one eye, and that it was not at all necessary for him to have vision in two eyes to drive a truck on the public highway.

An award of the State Industrial Commission will be reversed by this court where there is no competent evidence reasonably tending to support the same. Hamilton v. Randall, 136 Okla. 170, 276 P. 705.

Mere evidence of existing disability is not sufficient to support an award for compensation, and the claimant must show that the existing disability did not exist prior to the injury complained of. Cavin v. Kay & Kiowa Oil Co., 139 Okla. 47, 281 P. 232.

The award of the State Industrial Commission as to temporary total disability is affirmed. The award as to permanent partial disability is reversed, and the cause is remanded to State Industrial Commission for further proceedings in accordance herewith.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, and McNEILL, JJ., concur. RILEY, J., absent. KORNEGAY, J., dissents.