## HAZEL ATLAS GLASS CO. et al. v. PENDERGRASS et al.

No. 21992.   Opinion Filed Oct. 27, 1931.

Jas. C. Cheek, Albert L. McRill, and Ray Teague, for petitioners.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., and Elmer S. Rutherford, for respondents.

ANDREWS, J.   This is an original proceeding to review an award of the State Industrial Commission in favor of the claimant therein, hereinafter referred to as the claimant, against the respondent therein, hereinafter referred to as the petitioner.

The petitioner contends that the award is not supported by competent evidence.

The claimant testified, without objection as to his competency, as to the details of the injury as follows:

"A.   I was breaking glass on the 18th day of March in the evening about 5:30 o'clock, broke up colored glass in an iron barrel with an iron bar, broke it up fine so it could be hauled out and remilled again, and a piece flew and struck me in the left eye.   Q.   What did it do to the eye at the time it struck you?   A.   Well, of course, it hurt my eye; of course, I could hardly hold it open.   Q.   Was that glass hot?   A.   Yes, sir."

That testimony was competent.   Objection cannot be made for the first time in this court. Employers' Liability Assurance Corp. v. Grant, 147 Okla. 177, 296 P. 389; Atlantic Oil Producing Co. v. Houston, 148 Okla. 197, 298 P. 245.

Dr. Walker testified as to the description of the nature and extent of the injury of the claimant as follows:

"Q.   Was there any cut or scar on the eye?   A.   Yes, sir; there was a place that looked like it might have been cut.   Q. What happened, if anything, to the left eye?   A. The ulcer healed eventually, and left a large scar, he couldn't see.   Q.   What was the disability there?   A.   Had total loss of vision of the left eye.   Q.   When did you last examine Mr. Pendergrass?   A.   Yesterday or the day before.   Q.   What was the vision of the left eye when you last examined it?   A.   It was a glass eye.   Q. What was the vision of the right eye?   A.   20/32, not quite that."

It is a well-settled rule that where there is competent evidence reasonably tending to

sustain an award of the State Industrial Commission, the same will not be disturbed by this court on review. Lucky-Kidd Mining Co. v. State Industrial Commission, 110 Okla. 27, 236 P. 600; Capitol Drilling Co. v. Cole, 143 Okla. 279, 288 P. 473. Where the evidence is conflicting, this court will not weigh the same. Standard Coal Co. v. State Industrial Commission, 139 Okla. 269, 281 P. 966. There is competent evidence of a compensable injury to the left eye, resulting in the removal of that eye, and there is competent evidence of a 5 per cent. loss of vision in the right eye and that the same resulted from the injury to the left eye.

The claimant testified, without objection, as follows:

"Q. Explain the condition in the right eye following the injury to the left eye. A. I couldn't see so well. Q. Did the right eye become red or inflamed following the injury to the left eye? A. Yes, sir. Q. What other things were noticeable? A. Pain and hurting across the forehead from my right eye to the left. Q. About how long after the injury to the left eye before that condition prevailed? A. It was along towards the 1st of July when I noticed it the worst, the pain across my forehead. Q. How long was that after the injury to the left eye? A. Something like three months. Q. During that time, what was the vision, what was your ability to see with the right eye? A. You mean—Q. Along in July and August this year? A. I couldn't see so well. Q. In your judgment and estimation what loss of vision do you have in the right eye at this time? A. I judge about 25 to 30 per cent. loss of vision. Q. Is that due to the injury to the left eye? A. Yes, sir."

—and:

"Q. Who did you see when you went to Tulsa? A. Doctor Hendley. Q. He examined your eyes? A. Yes, sir. Q. What did he do or say about your eyes? A. Said the eye was a total loss and ought to be removed and taken out. Q. Why? A. It was injuring my right eye."

—and:

"Q. Did you continue under the care or treatment of Doctor Hendley following the operation? A. Yes, sir. Q. Have you been under his care since that date up to the present time? A. Yes, sir. Q. Did he examine the right eye following the operation? A. Yes, sir. Q. Did he treat the right eye following the operation? A. Yes, sir. Q. Did he prescribe treatment for the right eye? A. Yes, sir. Q. Are you still following that treatment? A. Yes, sir. Q. What other doctors examined your right eye following the injury to the left eye, company doctors? Doctor Walker examined the right eye? A. Yes, sir. Q. Did he

advise removal of the left eye? A. Yes, sir. Q. Did he say why? A. He thought it was dangerous to the right eye. Q. Did he treat the right eye? A. Yes, sir. Q. How many times did he treat it? A. Several times."

We do not consider it necessary to quote further testimony as to that issue.

The petitioner calls attention to the decision of this court in Wise-Buchanan Coal Co. v. Risco, 150 Okla. 190, 1 P. (2d) 411, and the rule therein stated. That rule is not applicable to the facts shown by this record. That there can be no loss of vision caused by an injury when the vision had been lost prior to the injury is elemental. It is equally clear that the percentage of vision lost by reason of an injury can be no greater than the percentage of vision existing at the time of the injury. Loss of vision may not be caused by an injury when the vision did not exist at the time of the injury. Such is the rule announced in that case. Here there is no proof of loss of vision prior to the injury. There is some evidence of a diseased condition of the left eye prior to the injury, but there is competent evidence reasonably tending to support the award of the State Industrial Commission. Though the left eye was diseased, that fact will not defeat the right of the claimant to recover compensation under the rule stated in Haynes Drilling Co. v. Pratt, 146 Okla. 159, 293 P. 1100, wherein this court held:

"Where an employee sustained an accidental personal injury, arising out of and in the course of his employment, said injury consisting of the loss of the right eye, the fact that the vision of the eye lost was temporarily bad would not preclude the Industrial Commission from making an award for the loss of the eye."

There is competent evidence in the record showing that there was no prior injury to and no disease in the right eye. Dr. Hendley testified on behalf of the petitioner as follows:

"Q. How many times, Doctor, did you have occasion to test the vision of Pendergrass's right eye during the time that you were treating him? A. At least six or eight times. Q. And you always found it normal? A. I did. Q. And the last time you tested it for vision, relative to the time you discharged him, when was that? A. On eighth, October 5th or 12th, a Sunday morning. He phoned and came down. Q. And his right eye was normal at that time? A. It was."

The evidence most favorable to the petitioner brings the case within the rule an-

nounced in Magnolia Petroleum Co. v. Snapp, 149 Okla. 51, 299 P. 137. Therein this court held:

"Where an accidental personal injury, arising out of and in the course of employment and within the terms of the Workmen's Compensation Act, aggravates a pre-existing physical condition, the injured employee is, nevertheless, entitled to compensation therefor, under the provisions of section 7290, C. O. S. 1921, as amended by the Session Laws of 1923, ch. 61, sec. 6, subd. 6."

Under that rule the award must be affirmed.

The petitioner questions the rule announced by this court in Maryland Casualty Co. v. State Industrial Commission, 139 Okla. 302, 282 P. 293, and followed in Capitol Drilling Co. v. Cole, supra, and other cases. We decline to depart from that rule and we apply the same herein.

Under the authority of the decisions cited herein and Shell Pipe Line Co. v. Camper, 143 Okla. 94, 287 P. 1009, we cannot find that there was no competent evidence reasonably tending to support the award of the State Industrial Commission.

The award of the State Industrial Commission is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur.