**FORREST E. GILMORE CO.** et al. v. **BOOTH** et al.

No. 22308.   Opinion Filed Feb. 23, 1932.

J. S. Ross, S. J. Clay and James H. Ross, for petitioners.

Reid, Lewis & Reid, for respondent.

ANDREWS, J. This is an original proceeding in this court to review an award of the State Industrial Commission in favor of the claimant therein, respondent herein, against the petitioner herein.

It is admitted that the claimant, while in the employ of the petitioner, received an accidental personal injury arising out of and in the course of his employment, which resulted in the total and permanent loss of his right eye. The claimant contends that he also received an injury to his left eye at the same time. The right eye was removed in the course of treatment. The claimant, being unable to work for a while, was paid the sum of $54 at the rate of $18 per week. The claimant was receiving wages at the time of the injury of $6 per day. The accident occurred while the claimant was cutting pipe and was caused by the scales and rust from it flying into his eyes.

The State Industrial Commission found that the claimant sustained a permanent loss of vision of the right eye to the extent of 100 per cent. and a partial permanent disability of the left eye to the extent of 5 per cent., making an average of 52½ per cent. loss of vision in both eyes, and that the claimant was entitled to compensation at the rate of $18 per week for a period of 262½ weeks, the same being 52½ per cent. of 500 weeks' allowance under the statute for total disability, in the total amount of $4,725, in addition to the temporary total disability already paid.

The petitioner contends that there is no evidence whatever in the record to support the award of the State Industrial Commission on the finding that the claimant sustained 100 per cent. loss of vision of the right eye as a result of the accident, and that there is no evidence upon which the Commission could base a finding that the claimant sustained a 5 per cent. disability to the left eye as a result of the accident.

Considering the petitioner's first proposition, we find that the evidence of both the petitioner and the claimant shows that the claimant did not sustain 100 per cent. loss of vision of his right eye due to the accident. It is not denied by the claimant that he had an obscured vision in the right eye because of a cataract, doubtless by a former injury. The claimant contends that the obscure vision was only temporary; that it did not prevent him from performing his duties to the satisfaction of the petitioner, and that the temporary condition, being caused from a cataract, could be removed by operative surgery. The record discloses the testimony of an eye specialist as to the effect upon the vision when a cataract is removed. The claimant contends that when he lost an eye by the injury, though the sight of the eye was defective, he lost an eye within the meaning of the statute. The claimant testified that he had in his right eye 25 per cent. to 50 per cent. vision. That testimony was objected to, and while it was incompetent to prove the amount of vision possessed, it served to show that the claimant had sufficient vision for the satisfactory performance of his work.

In Haynes Drilling Co. v. Pratt, 146 Okla. 159, 293 P. 1100, the record showed that the claimant therein had no vision in the right eye prior to the accident, caused by a cataract that obstructed the vision. The eye had to be removed after the accident. This court held:

"Where an employee sustained an accidental personal injury, arising out of and in the course of his employment, said injury consisting of the loss of the right eye, the fact that the vision of the eye lost was temporarily bad would not preclude the Industrial Commission from making an award for the loss of the eye."

See, also, Industrial Commission of Colorado v. Johnson (Colo.) 172 P. 422.

The petitioner relies on the decisions in Rector v. Roxana Petroleum Corp., 108 Okla. 122, 235 P. 183, and Wise-Buchanan Coal Co. v. Risco, 150 Okla. 190, 1 P. (2d) 411. The rule stated in those cases does not apply to the facts in this case. In Rector v. Roxana Petroleum Corp., supra, the claimant therein had previously sustained an injury, the result of which caused the claimant to lose the sight of his eye. The accident for which he claimed compensation injured his eye to such an extent as to necessitate its removal. This court held:

"* * * The record examined, and held, that where claimant is shown to have suffered a prior injury to the one complained of, by reason of which there was no practical use of the eye later injured, claimant could not recover for the loss of an eye."

In the instant case it was not denied that the claimant had sufficient vision to perform his duties as an employee of the petitioner. The claimant estimated the amount of vision possessed prior to the injury at 25 per cent. to 50 per cent. In the Wise-Buchanan v. Risco Case, supra, the evidence showed that the claimant had previously sustained an injury to his eye which materially reduced his vision. He thereafter received an injury to the same eye which again reduced his

vision. After the latter injury it was found that his eye had suffered a loss of 85 per cent. of his normal vision, and the award of the Commission was based thereon. This court reversed that case, and held, in substance, that, since the proof showed that the claimant had a previous injury to the eye which reduced its vision, it was the duty of the claimant to show the amount of the reduction by that particular injury, and upon that proof, deduction from the present percentage of loss of vision should be made. The same rule was announced in Ellis-Lewis v. Lane, 152 Okla. 273, 4 P. (2d) 104. In Hazel Atlas Glass Co. v. Pendergrass, 152 Okla. 271, 4 P. (2d) 96, the facts were similar to the facts in the instant case. Referring to the Wise-Buchanan Coal Co. Case, we said:

"The petitioner calls attention to the decision of this court in Wise-Buchanan Coal Co. v. Risco, 150 Okla. 190, 1 P. (2d) 411, and the rule therein stated. That rule is not applicable to the facts shown by this record. That there can be no loss of vision caused by an injury when the vision had been lost prior to the injury is elemental. It is equally clear that the percentage of vision lost by reason of an injury can be no greater than the percentage of vision existing at the time of the injury. Loss of vision may not be caused by an injury when the vision did not exist at the time of the injury. Such is the rule announced in that case"

—and held:

"Where an employee sustained an accidental personal injury, arising out of and in the course of his employment, said injury consisting of the loss of the left eye, the fact that the vision of the eye lost was temporarily bad would not preclude the Industrial Commission from making an award for the loss of the eye."

Under the petitioner's second proposition it is contended that there was no competent evidence before the Commission upon which the Commission could base a finding that the claimant sustained a 5 per cent. disability to his left eye because of the accident. The record is not specific on that point. The claimant testified that the scales and rust from the cut pipe blew into both of his eyes, and that the doctor said he removed particles from both eyes. He further testified that, while in the hospital, his left eye "hurt pretty bad, but the other hurt so bad I never complained about it at all"; that it has bothered him ever since the right eye was removed and has gotten worse all the time, and that there is quite a difference in the sight of his eyes now and before he got hurt. The testimony of Dr. Mussil was to the effect that, in the absence of pathology (scar), in his opinion, the loss of vision would be due to irritation running from the right to the left eye. Dr. Cailey testified that the claimant had a loss of vision in the left eye of 25/15 minus 3. From this and other evidence offered, the Commission found that the claimant had suffered a 5 per cent. loss of vision in his left eye because of the injury. It has been the prevailing rule of this court that the findings of fact of the Industrial Commission will not be disturbed by this court where there is any competent evidence reasonably tending to support the award. That rule was stated in Atlantic Oil Producing Co. v. Houston, 148 Okla. 197, 298 P. 245, and we further held therein:

"Under the provisions of the Workmen's Compensation Act, there is a specific provision for the loss of an eye and another for the loss of both eyes. An award for total loss of one eye and the impairment of the other should be fixed from the latter provision, and not by taking the award for the total loss of one eye and adding to it the award for the partial impairment of the other eye."

That was the rule followed by the Commission in the instant case.

We think that the award of the State Industrial Commission should not be disturbed. The petition for review is therefore denied, and the cause is remanded, with directions to carry out the award.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and HEFNER, J., absent.

Note.—See under (1), (3) annotation in 8 A. L. R. 1326; 24 A. L. R. 1467; 67 A. L. R. 794, 797; 73 A. L. R. 711; 28 R. C. L. 819, 821. (4) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part. title Workmen's Compensation, § 116.