### HUBBARD DRILLING CO. et al. v. MOORE et al.

No. 23321. Opinion Filed June 28, 1932.

Frank E. Lee and Jas. C. Cheek, for petitioners,

Ben C. Arnold, for the respondent I. S. Moore.

CULLISON, J. This is an original proceeding in this court to review an order and award of the State Industrial Commission made and entered in favor of I. S. Moore on the 29th day of December, 1931, in cause No. A-64914, then pending before the Commission.

The order and award which is made the basis of this proceeding to review, omitting the caption, is as follows:

"Order.

"Now on this 29th day of December, 1931, the State Industrial Commission being regularly in session, this cause comes on to be considered pursuant to hearings had at Oklahoma City, Okla., on October 9, 1931, before Thomas H. Doyle, chairman, and on the 16th day of November, 1931, before Inspector W. A. McInnes, duly assigned to hear said cause, said cause coming on for hearing on the motion of the claimant to determine liability and extent of disability, and the claimant appearing in person and by his attorney, Ben C. Arnold, and the respondent and insurance carrier being represented by A. G. Crowe and Hal Crouch.

"And the Commission after reviewing the testimony taken at said hearing, and all the records on file, and being otherwise well and sufficiently advised in the premises, makes the following findings of fact:

"(1) That on the 11th day of November, 1930, claimant was in the employment of the respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law. and that on said date he sustained an accidental injury, arising out of and in the course of his employment by receiving an injury to his right eye.

"(2) That the average daily wage of the claimant at the time of said accidental injury was $6 per day.

"(3) That by reason of said accidental injury, the claimant was not temporarily totally disabled from performance of ordinary manual labor beyond the five-day waiting period.

"(4) That due notice of said accidental injury was given the respondent at the time of said accidental injury.

"(5) That as a result of said accidental injury, the claimant has sustained a permanent loss of use of his right eye.

"The Commission is of the opinion: By reason of the foregoing facts, that the claimant is entitled to 100 weeks' compensation at the rate of $18 per week on account of the permanent loss of use of claimant's right eye due to said accidental injury, or a total sum of $1,800, said sum computed from the 11th day of November, 1930, to the present date, December 28, 1931, at the rate of $18 per week, makes the sum of $1,056, or 58 weeks' and 4 days' compensation due at this time.

"It is therefore ordered: That within 15 days from date the respondent or its insurance carrier pay to the claimant the sum of $1,056, or 58 weeks' and 4 days' compensation at the rate of $18 per week, and to continue to pay compensation at said rate until the sum of $1,800 has been paid, or 100 weeks' compensation on account of the permanent loss of use of the right eye due to said accidental injury, and pay all medical and hospital bills incurred by reason of said accidental injury.

"It is further ordered: That within 30 days from this date, the respondent or its insurance carrier herein file with the Commission proper receipt or other report evidencing compliance with the terms of this order.

"Upon the adoption of the foregoing order the roll was called and the following voted aye: Doyle, Chairman; McElroy, Commissioner; Fannin, Commissioner."

Petitioners present their contentions under two propositions, the first of which alleges that there was no competent evidence to support the first finding of the Commission that as a result of the accidental injury of November 11, 1930, claimant sustained a permanent loss of use of his right eye.

Petitioners bottom this contention upon the testimony of Dr. Wails, who testified that upon examination and treatment of the claimant prior to the accident in November, 1930, he observed a scar on claimant's right eye of such size, nature, and position that it would necessarily impair vision of the right eye, and that, while he did not test claimant's vision, he estimated this impairment in the neighborhood of 75 per cent. Petitioners claim that this statement stands uncontradicted in the record.

We observe that the claimant testified he

had never sustained an accidental injury to either of his eyes before August 1, 1930, which injury to his right eye while in the same employ and covered by the same insurance carier was the occasion of the examination made by Dr. Wails, and the foundation for the doctor's testimony that the scar antedated the injury of August 1, 1930. We further observe the testimony of the claimant that he had experienced no loss of vision in his right eye until after the accidental injury thereto on November 11, 1930, and that he did notice loss of vision thereafter. Claimant further testified that he had been a driller or engaged in oil field work for about 15 years and had worked for a long time for the petitioner herein, and that such work required good eyesight. Dr. A. L. Guthrie, an eye specialist, testified at page 42 of the record, as follows:

"Q. In view of the fact then, that he noticed no loss of vision in the right eye until after the second injury (Nov. 11th), you believe the second injury (November 11, 1930) was the cause of the disability in that eye? A. Yes, sir."

Mr. H. C. Griffin, the driller, under whose direct supervision the claimant was working at the time he sustained the accident herein in question, testified that he did not notice anything wrong with either of the claimant's eyes or the vision of either eye before the accident, and that claimant made a good workman while under his supervision.

Under this testimony, it is obvious that the Commission had before it competent evidence reasonably tending to support its finding of fact challenged by petitioners, and where such is the case, this court will not weigh conflicting evidence upon which the finding is based. Nash-Finch Co. v. Olen M. Harned et al., 141 Okla. 187, 284 P. 633.

Petitioners rely on the decisions in Ellis & Lewis, Inc., et al. v. Lane et al., 152 Okla. 272, 4 P. (2d) 104, Wise-Buchanan Coal Co. v. Risco et al., 150 Okla. 190, 1 P. (2d) 411, and Rector v. Roxana Petroleum Corporation et al., 108 Okla. 122, 235 P. 183. The rule stated in those cases does not apply to the facts in this case. In the Ellis & Lewis Case, supra, the evidence was undisputed and uncontradicted that there had existed some permanent loss of vision prior to, and at the time of, the injury. Under such conditions the court held that there was no competent testimony in the record reasonably tending to support an award based upon a finding of 100 per cent. permanent loss of the use of the right eye, and reversed the award. The same rule was announced in the Wise-Buchanan Case, supra. The Roxana Petroleum Corporation Case, supra, was one in which the record conclusively showed that the claimant had suffered a prior injury to the eye complained of, by reason of which there was no practical use of the eye later injured, and this court held that under those conditions the claimant could not recover under section 7290, C. O. S. 1921, as amended, for the loss of an eye. In the case at bar the Commission heard sharply conflicting evidence on the question of claimant's vision at the time of the November, 1930, injury, and it acted within its province in making its decision as to what testimony it would believe and what it would disregard. Under the prevailing rule of this court in such cases, as hereinbefore stated, petitioners cannot prevail on their first proposition.

Petitioners next contend:

"Second Proposition.

"That if it be conceded that claimant suffered any loss of use of his right eye on account of the injury of November 11, 1930, that such loss of use was confined to a small percentage of the vision of the eye and the finding of the Commission and its award are excessive."

Petitioners cite no additional authority in support of their last contention, but rely upon the authorities cited under their first proposition.

We are of the opinion, and hold, that, in view of the state of the record, this proposition overlaps the first proposition and is without merit.

The award of the Commission, made December 29, 1931, No. A-64914 is affirmed.

HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and RILEY, J., absent.