### EAGLE-PICHER MINING & SMELTING CO. v. MURPHY.

No. 25231.   Sept. 18, 1934.

Rehearing Denied Oct. 9, 1934.

John Campbell and A. C. Wallace, for petitioner.

W. M. Thomas, for respondent.

BUSBY, J.  This is an original proceeding instituted in this court to review an order and award of the State Industrial Commission.

The petitioner, Eagle-Picher Mining & Smelting Company, was respondent before the Commission, and the respondent herein,

E. L. Murphy, was the claimant before the lower tribunal. The parties will be referred to in this opinion as petitioner and claimant, respectively, when not otherwise designated.

On October 22, 1932, the claimant, while employed by the petitioner in one of those hazardous occupations falling within the provisions of the Workmen's Compensation Act (St. 193, sec. 13348 et seq.), sustained an accidental personal injury in the course of his employment. Particles of rock and dirt fell in his eyes. According to claimant, both of his eyes were injured.

Proceedings were commenced before the State Industrial Commission to obtain compensation for the injury alleged to have been sustained. Hearings were held before the Commission, at which the testimony of various witnesses was introduced. On the 10th day of November, that administrative board decided that claimant had suffered a total loss of vision in his right eye as a result of the accident. No resulting loss of vision was found to exist in the left eye. Compensation for 100 weeks, aggregating $960, was awarded in accord with the specific schedule embodied in section 13356, O. S. 1931.

It is not disputed in this proceeding that claimant's evidence supports the view that he has sustained a total loss of vision in his right eye (within the meaning of that phrase as employed in compensation cases). Neither is it disputed that the claimant's evidence establishes that the loss of vision was attributable in part to the accidental injury involved.

It is the contention of the petitioner that the undisputed evidence shows that the claimant had a permanently defective vision in his right eye prior to the injury, and that the amount of the previous permanent loss of vision should have been determined and deducted from the permanent loss of vision after the injury to determine the basis for compensation. In this connection petitioner urges the application of the rule stated in Wise-Buchanan Coal Co. v. Risco et al., 150 Okla. 190, 1 P. (2d) 411, wherein we said:

"Where one engaged in employment within the terms of the Workmen's Compensation Act has a permanently defective vision in the right eye and while so engaged sustains an injury to the right eye which arises out of and in the course of his employment and which causes a permanent loss of vision in that eye in excess of the permanent loss of vision therein prior to the injury, the difference between the permanent loss of vision prior to the injury and the permanent loss of vision after the injury constitutes the amount of permanent loss of vision resulting from the injury and is the basis of the award to be made to the injured workman therefor."

The rule stated has been followed by this court in its subsequent decisions. Ellis & Lewis, Inc., et al. v. W. Lane et al., 152 Okla. 273, 4 P. (2d) 104; Indian Territory Ill. Oil Co. v. Hendrixson et al., 158 Okla. 176, 13 P. (2d) 137.

The rule invoked by petitioner is not applicable to a case in which an injured workman suffers the loss of, or total loss of use of, an eye, the vision of which, though previously defective, was sufficient for the satisfactory performance of labor. In such a case no deduction should be made for the partial pre-existing loss of vision. Forrest E. Gilmore et al. v. Booth et al., 155 Okla. 195, 8 P. (2d) 717.

The testimony of claimant supports the view that prior to the injury complained of he was able to satisfactorily use his eye in the performance of labor. Such being the case, no deduction should be made for the pre-existing partial loss of vision, since claimant is now suffering from a total loss of use of the eye.

It may be noted that in the case of Gilmore et al. v. Booth et al., supra, the claimant lost his eye, whereas in the case at bar claimant suffered a total loss of use of his eye. However, the legal effect of the two injuries is the same, since by statute the permanent total loss of use of an eye is equivalent to the loss thereof. Section 13356, O. S. 1931.

The failure or refusal of the Commission to make any allowance or deduction for alleged pre-existing loss of vision was proper in this case.

Owing to the view we take of this case, other theories advanced by claimant for sustaining the award need not be considered or discussed. The award is affirmed.

RILEY, C. J., CULLISON, V. C. J., and McNEILL and OSBORN, JJ., concur.