## KERR GLASS CO. et al. v. PARR et al.
### No. 36015.

Supreme Court of Oklahoma.

Nov. 10, 1953.

Rehearing Denied Dec. 8, 1953.

Covington & Donovan, and Robert W. Booth, Tulsa, for petitioners.

Claud Briggs, of Oklahoma City, George ·D. Willhite, Supulpa, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

This is a proceeding by Kerr Glass Company and its insurance carrier, United States Fidelity and Guaranty Company, a corporation, to review an award of the State Industrial Commission awarding compensation to respondent, Henry Parr.

It appears that on December 16, 1952, respondent filed a claim against petitioners for compensation in which he·stated that on August·25, 1952, while in the employ of petitioner Kerr Glass Company he sustained an injury to his right knee causing some permanent disability to his leg. The injury occurred while he was engaged in pushing a wheelbarrow loaded with sand weighing about 600 pounds through a door when the handle of the wheelbarrow struck him on the knee. On the 3rd day of March, 1953, he filed a second claim against his employer in which he stated that sometime in May, 1952, he sustained a prior injury to his knee causing some disability to his leg and that the injury occurred in practically the same manner the injury above described occurred.

These claims were by agreement consolidated for trial. The trial commissioner to whom the case was assigned for hearing after finding that respondent sustained an accidental personal injury to his right knee in May of 1952, and re-injured the same knee on August 25, 1952, and that since both injuries occurred while in the employ of petitioner Kerr Glass Company and while he was engaged in a hazardous employment which injuries grew out of and in the course of his employment that both of such injuries are combined for the purpose of trial; that as a result of such injuries he was temporarily totally disabled from October 10, 1952, less the five day waiting period to January 28, 1953, for which period of time he is entitled to compensation for 15 weeks at $25 per week or a total sum of $375, further found:

"That the claimant sustained 50 per cent permanent partial disability to his right leg, as a result of the May, 1952, injury and the second injury of August 25, 1952, and its aggravating effect upon such right leg, for which disability the claimant is entitled to compensation for 87.5 weeks at $25.00 per week, or the total sum of $2,187.-50, of which amount the sum of $300.-00, or 12 weeks, has accrued from

January 28, 1953, to April 22, 1953, and shall be paid in a lump sum."

And upon such finding entered an award in favor of respondent and against petitioners accordingly.

Petitioners bring the case here to review this order and seek its vacation on the sole ground that there is a total lack of evidence to sustain the award.

Respondent in his own behalf in substance testified: That sometime in the month of August, 1952, while in the employ of petitioner Kerr Glass Company and engaged in the course of his employment he sustained an injury to his right knee while attempting to push a wheelbarrow loaded with 600 pounds of sand causing some permanent disability to the knee; that the injury was caused when the handle of the wheelbarrow struck his knee. He further testified that sometime in May, 1952, he had sustained a prior injury to the knee. He however lost no time as a result of that injury. He kept on working until August 25, 1952, when he sustained the second injury to his knee; that after sustaining his last injury he kept on trying to work but was unable to do so; that he was sent to a doctor by petitioners for treatment. However, they did not pay the medical bills for such treatment; that he was compelled to and did personally pay such expenses and he expended for such purpose the sum of $55. He further testified that he also sustained some prior injuries to his leg above and below the knee in 1950 and 1951. He, however, lost no time as the result of these injuries and such injuries have completely healed.

Petitioners offered evidence tending to show that respondent performed work for his employer during the month of August, 1952; that he was paid for such work.

The medical evidence consists of reports of three physicians who have examined and treated respondent. One of these physicians in his report states that he obtained a history of respondent of having sustained injuries substantially as testified to by him and after stating in detail his physical condition concludes the patient has an old arthritic condition which gives him pain in the knee and that he is to some extent permanently disabled from performing ordinary manual labor but that in his opinion such disability was not caused by any injury sustained by him but is due solely to the old arthritic condition.

Another physician in his report stated that respondent is suffering from a swollen knee. An x-ray of the knee joint shows a rather extensive hypertrophic arthritis with evidence of cartilage destruction and expresses the opinion that respondent has a 75 per cent permanent partial disability to his leg but expresses no opinion as to the cause of the disability.

The third physician states he examined respondent on March 24, 1952; medical history reveals that he sustained injuries to his right knee in 1950 and 1951 and was reinjured in May, 1952, and August, 1952, and that the only injury resulting in loss of time was the injury sustained in August, 1952, and after stating his then physical condition the doctor further stated:

"In my opinion, Mr. Henry Parr has suffered arthritic changes of the right knee joint as a result of trauma incurred by injuries in 1950, 1951, and 1952 while working for the Kerr Glass Company, Sand Springs, Okla. He also has destruction of the semi-lunar cartilage of the right knee joint as evidenced by limitation of flexion of the knee and x-ray findings of a narrowed joint space. I believe this man has a total permanent disability of the right leg which will probably become progressively more severe."

While the medical evidence is in conflict as to the cause of respondent's disability we think the evidence of this physician when considered in connection with the evidence of respondent is sufficient to sustain the findings and award of the State Industrial Commission.

It is contended by petitioners that the burden was on respondent to show specifically what percentage of disability was attributable to each of the several injuries sustained by him as contradistinguished from the overall disability found to exist and that respondent may only recover

compensation for that percentage of disability sustained as the result of the injuries of May and August, 1952.

The general rule is: Where a workman has sustained an injury to a specific member of his body resulting in some personal disability to the member and he thereafter sustains a subsequent injury causing additional permanent disability thereto less than total loss of the use of the member he may only recover compensation for the percentage disability sustained by the last injury alone. Morgan Drilling Co. v. Bower, 199 Okl. 667, 189 P.2d 943; Wise-Buchanan Coal Co. v. Risco, 150 Okl. 190, 1 P.2d 411; Ellis & Lewis v. Lane, 152 Okl. 273, 4 P.2d 104.

The rule, however, is otherwise when the last injury results in total loss of the use of a member. In that event the entire disability will be attributed to the last injury alone and the workman may recover compensation for total loss of the use of the member rather than such percentage of disability as was sustained by the last injury alone. Forrest E. Gilmore Co. v. Booth, 155 Okl. 195, 8 P.2d 717; Ravelin Mining Co. v. Viers, 201 Okl. 12, 200 P.2d 433.

We do not think the rule contended for by petitioners is applicable here. The evidence shows that the disability now claimed by respondent only became apparent to him after he sustained his injury of August, 1952. He lost no time as a result of any of the other injuries. Under the doctor's testimony respondent was suffering arthritic change of the right knee caused by the traumatic injuries above stated. No particular percentage of such condition may be attributed to any single injury but under the doctor's testimony they all combined to produce the disability complained of and found to exist by the commission.

We have many times held the cause and extent of a disability arising from an accidental injury are questions of fact to be determined by the State Industrial Commission and where there is any competent evidence reasonably tending to sustain the finding, an award based thereon will not be disturbed on review. Henry Schafter, Inc., v. Mitchell, 200 Okl. 510, 198 P.2d 397.

Award sustained.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, WILLIAMS, and BLACKBIRD, JJ., concur.