**SOHIO PETROLEUM CO.**

v.

**COTTON et al.**

No. 36290.

Supreme Court of Oklahoma.

June 22, 1954.

Rainey, Flynn, Green & Anderson, M. M. Gibbens, Oklahoma City, for petitioner.

Champion & Wallace, Ardmore, Oklahoma, Mac Q. Williamson, Atty. Gen., for respondents.

CORN, Justice.

This is an original proceeding brought by Sohio Petroleum Company, a corporation, petitioner, to review an award of the State

Industrial Commission awarding compensation to respondent Rex E. Cotton. The award is for temporary total disability.

In his claim for compensation filed with the State Industrial Commission on September 30, 1953, respondent states that on August 22, 1953, while in the employ of petitioner he sustained an accidental injury to his left leg. The accident was caused by falling from the steps of a drilling rig floor on which he was then working.

The trial commissioner to whom the case was assigned at the close of the evidence in substance found: On August 22, 1953, respondent, while in the employ of petitioner sustained an accidental personal injury to his left leg; that as a result of his injury he was entitled to temporary total compensation from September 2, 1953, up to and including November 18, 1953 in the sum of $380 payable in a lump sum, and that he was entitled to continuing temporary total disability compensation from November 19, 1953, until his temporary total disability ceased or until further order of the Commission not to exceed a total of 300 weeks and ordered and directed that petitioner furnish him with further medical treatment. An award for temporary total disability compensation was entered accordingly.

Petitioner brings the case here to review this award and relies for its vacation on the ground that the award is not sustained by sufficient evidence and is contrary to law.

The facts, except as to the extent of disability are not in dispute. They are: Respondent on August 22, 1953, sustained an accidental injury to his left leg as stated in his complaint. He was at that time engaged to work as a roughneck at the oil field of petitioner; that he was assigned to the duty of working on the rig floor; that he sustained an injury to his leg when he fell from the steps of the floor. He however continued working for 5 days when his leg began to pain him and his knee commenced to swell and by reason thereof he was compelled to cease working and has been unable to do any work since that time. The evidence further shows that the injury sustained by respondent caused his leg to hang loose in the knee joint. It frequently slipped out of place. On or about August 1, 1953, while he was walking across a field on a farm his leg slipped and gave way and he fell to the ground causing additional injury to his leg. He was thereafter examined by several physicians but the only treatment he received consisted of a brace being placed on his leg around the knee joint; that he received no benefit from wearing the brace. The evidence further shows that respondent in the early part of the year 1950 had sustained a prior injury to his left leg consisting of a strain of the muscles of his leg; that he was not permanently prevented from doing ordinary manual labor as the result of such injury but that he did receive some compensation for such injury. The amount thereof and the disability he sustained is not shown by the record.

The medical evidence consists of evidence of several physicians. One of these physicians who saw and examined respondent on September 30, 1953, filed a report of his findings and conclusions with the State Industrial Commission in which he in substance states: He obtained a history from respondent of having sustained an injury to his left leg on August 22, 1953, and also some time in the year 1950 he sustained a prior injury to his leg. His examination disclosed as the result of these injuries respondent had calcified deposits in the knee joint and over the upper end of the fibula; that he had damage to the lateral collateral ligaments, cruciate ligaments, and medial collateral ligaments of the knee joint with 40 to 45 per cent permanent disability of the leg as the result of these injuries; that as a result of the old injury he had left a residual disability, the exact extent of which was on record with the State Industrial Commission; that when the previous disability is subtracted from the present disability the remainder would be the disability resulting from the present injury. He further states that respondent's period of temporary total disability had then terminated; that several days thereafter he again saw and examined respondent and filed a supplemental report in which he states: He obtained a history from respondent that while walking across a farm his knee gave way

causing him to fall to the ground resulting in some additional injury to his leg; that his examination disclosed as a result of the fall he had sustained a fracture of the tibia. He had an incomplete fracture through the table of the tibia and as a result of such injury he would have from eight to ten weeks additional temporary total disability and that in his opinion such additional injury and disability was the direct result of the injury and disability sustained by respondent to his knee as a result of the industrial accident occurring on the date originally reported by him to the office of the Commission.

There is medical evidence to the contrary but we think the evidence of the above mentioned physician when considered in connection with the evidence of respondent is sufficient to sustain the finding and award of the Commission. We have many times held that the cause and extent of disability arising from an accidental injury are questions of fact to be determined by the State Industrial Commission and where there is any competent evidence reasonably tending to sustain the finding an award based thereon will not be disturbed on review. Kerr Glass Co. v. Parr, Okl.Sup., 263 P.2d 728; Henry Schafer, Inc., v. Mitchell, 200 Okl. 510, 198 P.2d 397.

It is further contended that the award is also erroneous because it failed to take into account claimant's previous disability and his employment and earnings subsequent to the injury complained of. In support of this contention it relies on Morgan Drilling Co. v. Bower, 199 Okl. 667, 189 P.2d 943, and Ellis & Lewis v. Lane, 152 Okl. 273, 4 P.2d 104.

These cases in effect hold that where a workman has sustained an injury to a specific member of his body resulting in some personal disability to the member and he thereafter sustains a subsequent injury causing an additional permanent disability thereto less than total loss of the use of the member he may only recover compensation for the percentage of disability sustained by the last injury alone. We do not think that these cases are applicable where, as here, the award is for temporary

total disability. We have also held that the rule announced in the above cases does not apply where the last injury results in permanent total disability or in the total loss of the use of a member; that in such case the entire disability will be attributed to the last injury alone and the workman may recover compensation for permanent total disability or total loss of the use of the member rather than such percentage of disability as was sustained by the last injury alone. Kerr Glass Co. v. Parr, supra; Ravelin Mining Co. v. Viers, 201 Okl. 12, 200 P.2d 433; Forrest E. Gilmore Co. v. Booth, 155 Okl. 195, 8 P.2d 717. We think these cases bear closer analogy to the facts and award in the present case than do the authorities relied upon by petitioner.

Award sustained.

HALLEY, C. J., JOHNSON, V. C. J., and O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.

ARNOLD, J., dissents.