**OKLAHOMA PLANNING AND RESOURCES BOARD (DIVISION OF FORESTRY) and the State Insurance Fund, Petitioners,**

**v.**

**William Reedy MORGAN and the State Industrial Commission of the State of Oklahoma, Respondents.**

**No. 38665.**

Supreme Court of Oklahoma.

Dec. 15, 1959.

Mont R. Powell, Oklahoma City, Moraul Bosonetto, Sapulpa, for petitioners.

Ed R. LeForce, Idabel, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

William Reedy Morgan, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on October 31, 1957, while employed by the Oklahoma Planning and Resources Board he sustained an accidental injury arising out of and in the course of his employment by reason of the total loss of the left index finger. An award was made for the total loss of finger and this proceeding is brought by the employer and its insurance carrier, the State Insurance Fund, hereinafter called petitioners to review the award.

The evidence discloses that claimant was aiding in the repair and construction of a fence for employer when an employee driving a post struck his finger with a hammer causing its loss. The finger was amputated and there is no dispute as to its total loss.

Petitioners raise the single issue that the award is erroneous because there was a prior disability to the finger and that the employer is liable only for the disability caused by the accidental injury of October 31, 1957. There is evidence that the finger was crooked prior to the accidental injury. The petitioners attached to their brief copies of a prior award and the report of a medical examiner in the prior award, which was for 24 per cent disability to the left hand. This award was not introduced in evidence before the State Industrial Commission and claimant asks that the exhibits in connection therewith, not properly introduced at the trial, be stricken from the brief. Although there is merit in this request we find it unnecessary to rule on it. The award in the former hearing discloses a permanent partial disability to the hand. The only evidence in the record is that the left index finger was crooked prior to the injury of October 31, 1957, and the finger was limited in use.

Petitioners cite Rector v. Roxana Petroleum Corp., 108 Okl. 122, 235 P. 183 and Wise-Buchanan Coal Co. v. Risco, 150 Okl. 190, 1 P.2d 411. Since there had not been a complete loss of the finger prior to the injury involved in this case the first case is not in point.

Wise-Buchanan Coal Co. v. Risco, supra, is cited and distinguished in Forrest E. Gilmore Co. v. Booth, 155 Okl. 195, 8 P.2d 717. Therein it is stated:

"A different rule applies in the State Industrial Commission to the partial loss of vision in an eye than that applying to the loss of an eye. The percentage of vision lost by reason of an injury can be no greater than the percentage of vision existing at the time of the injury, but, where an eye is lost by reason of an injury and at the time of the injury there was sufficient vision in the eye for the satisfactory performance of labor, the award must be

based upon the loss of the eye, and not upon the percentage of loss of vision resulting from the injury."

It was also cited and distinguished in Eagle-Picher Mining & Smelting Co. v. Murphy, 169 Okl. 180, 35 P.2d 952, 953, wherein it is stated:

"The rule invoked by petitioner is not applicable to a case in which an injured workman suffers the loss of, or total loss of use of, an eye, the vision of which, though previously defective, was sufficient for the satisfactory performance of labor. In such case no deduction should be made for the partial pre-existing loss of vision. * * *"

In Kerr Glass Co. v. Parr, Okl., 263 P.2d 728, 731, it is stated:

"The general rule is: Where a workman has sustained an injury to a specific member of his body resulting in some personal disability to the member and he thereafter sustains a subsequent injury causing additional permanent disability thereto less than total loss of the use of the member he may only recover compensation for the percentage disability sustained by the last injury alone. Morgan Drilling Co. v. Bower, 199 Okl. 667, 189 P.2d 943; Wise-Buchanan Coal Co. v. Risco, 150 Okl. 190, 1 P.2d 411; Ellis & Lewis v. Lane, 152 Okl. 273, 4 P.2d 104.

"The rule, however, is otherwise when the last injury results in total loss of the use of a member. In that event the entire disability will be attributed to the last injury alone and the workman may recover compensation for total loss of the use of the member rather than such percentage of disability as was sustained by the last injury alone. Forrest E. Gilmore Co. v. Booth, 155 Okl. 195, 8 P.2d 717; Ravelin Mining Co. v. Viers, 201 Okl. 12, 200 P.2d 433."

Under the rule announced in these cases the accidental injury of October 31, 1957, caused a total loss of the finger for which the petitioners were liable. There was no error in the award made by the State Industrial Commission.

Award sustained.