**PROTEIN TECHNOLOGIES INTERNATIONAL/RALSTON PURINA, Petitioner,**

v.

**Bill J. HAMMOCK, and the Workers' Compensation Court, Respondents.**

No. 81677.

Court of Appeals of Oklahoma, Division No. 1.

Feb. 8, 1994.

Certiorari Denied May 11, 1994.

As corrected July 27, 1994.

---

Malcolm D. Smith, Tulsa, for petitioner.

Wilson Jones, Tulsa, for respondent.

## MEMORANDUM OPINION

JONES, Presiding Judge:

Petitioner, Protein Technologies International/Ralston Purina, brings this review proceeding claiming the Three Judge Panel erred in finding notice of the injury was given within sixty days of the injury as required by 85 O.S.1991 § 24.2, and further erred in finding that Bill Hammock's detached retina resulted from an on-the-job injury. Additionally, it is alleged that this award is erroneous by virtue of the fact that Claimant was 100% permanent partially disabled to the right eye prior to the date of this accident, and, in any event, if an award is proper it should have been apportioned.

On October 1, 1991, Claimant was working for Respondent when he was struck in or near the right eye by an empty box weighing forty pounds which knocked off his hard hat and his safety glasses. No immediate effects were felt by Claimant, but problems developed one or two weeks later and medical attention was sought a week after that for perceived flashing lights, blurred and foggy vision in the right eye. Claimant first sought medical attention from an optometrist, Dr. R. He was diagnosed as having a retinal tear and was referred to a retinal specialist, Dr. T., who subsequently performed multiple laser surgeries to Claimant's right eye. Claimant was industrially blind in this eye before the accident.

Petitioner advances the argument that the injury was erroneously found to be work related because the medical history given to Dr. T. was demonstrably erroneous, and that fact is sufficient to vacate the award under *Zebco v. Houston*, 800 P.2d 245 (Okla.

1990). Petitioner states this doctor was under the mistaken impression that the box impacted Claimant's right eye and not Claimant's hard hat, safety glasses, or the area immediately next to the eye. The factual basis of this objection is determined to be without substance because the doctor stated at p. 21 of his deposition that "A blunt trauma to the head or *periorbital* area is sufficient to cause a retina detachment." The description encompasses a trauma to the bony socket surrounding the eye and is not limited to the eyeball itself, as suggested by Petitioner's brief. Even if the history given the doctor was incorrect, his testimony established the injury could have been caused by the indirect blow that Petitioner is asserting actually occurred. Thus, testimony of an expert exists which establishes the on-the-job accident was the cause of this injury. Whether an injury arises out of and in the course of the employment presents an issue of fact, and the trial court's finding thereon is binding on the Appellate Courts if supported by competent evidence. *Lacy v. Schlumberger Well Service*, 839 P.2d 157 (Okla.1992). *Thomas v. Keith Hensel Optical Labs*, 653 P.2d 201, 203 (Okla.1982); *Pearl v. Associated Milk Producers, Inc.*, 581 P.2d 894 (Okla.1978).

■ Petitioner additionally attacks the history given to this doctor by alleging there is a difference in Claimant's testimony and the history given the doctor in respect to the issue of the existence of pain at the time of the injury. The history recited by the doctor states the accident caused Claimant pain at the time of the occurrence. Claimant testifies, however, that the pain was just pain from being hit in the head, as follows:

Q. All right, sir. And you didn't feel any pain at the time in your eye, did you?

A. No, other than just getting smacked up beside the head pain, but ...

Q. Okay.

Claimant testified the accident hurt him and the same fact is revealed in the history. In any event, it is not seen from the record that testimony exists that eye pain, as such, is a necessary symptom of the condition for which Claimant seeks compensation, and no error is found in the history such as would invalidate the medical opinion stating an on-the-job injury occurred. Petitioner asserts this award should be vacated under the same logic that caused vacation in *Chief Freight Lines v. Rines*, 395 P.2d 799 (Okla.1964). This cause is not comparable with *Chief,* supra. That cause was vacated because there was no competent evidence to support the finding that the disability was a result of the employment. This holding resulted, however, from the fact that the injury was caused by the rupture of a congenital aneurysm, and nowhere in the report did the doctor suggest or express an opinion the rupture was connected with, or was a result of claimant's employment. Here there is a medical opinion establishing causation, and the finding of the Three Judge Panel on this question of fact must stand in the presence of competent probative evidence.

■ Secondly, Petitioner contends the trial court erred in making an award of compensation to Claimant because he had an "unadjudicated 100% permanent partial disability" to the right eye before this accident. It is submitted that Rule 33 of the Rules of the Workers' Compensation Court, 85 O.S. 1991 Ch. 4, App. requires all measurements shall be based upon uncorrected vision. Therefore, Petitioner asserts, there is no disability here since Claimant's vision was 20/200 before the accident, and that constitutes industrial blindness. Petitioner reasons there can be no further additional blindness. Rule 33 speaks to calculating the percentage of eye impairment. In this case the issue is loss of use, not impairment. 85 O.S.1991 § 22.3 allows 200 weeks compensation for the loss of an eye. That same section also equates permanent loss of use with loss of the member itself. Later in the subsection, permanent *partial* loss of use is spoken to, and only here is there a mention of percentage of loss. Where there is sufficient vision for the satisfactory performance of labor, an award for total permanent loss of use of the eye, or for loss of the eye, should be made without deduction for partial pre-existing loss of vision. *Eagle–Picher Mining & Smelting Co. v. Murphy*, 169 Okla. 180, 35 P.2d 952 (1934). *Standard Testing and Engineering v. Bradshaw*, 442 P.2d 337 (Okla. 1968) is inconsistent with the offered analysis

and quite similar to this cause. In that case, the sole contention was that claimant was industrially blind in his left eye before the accident and therefore he was not entitled to recover for an additional disability to the eye. There the industrial blindness was caused by cataracts and claimant had normal vision with glasses. The Supreme Court of Oklahoma stated it has held that where an eye is lost by an injury, and at the time there was sufficient vision in that eye for the satisfactory performance of labor, the award must be based upon the loss of the eye, citing *Forrest E. Gilmore Co. v. Booth,* 155 Okla. 195, 8 P.2d 717 (1932).

 Petitioner takes the position that the award cannot stand because there was a failure on the part of Claimant to give notice as provided in 85 O.S.1991 § 24.2. The injury occurred October 1, 1991. There was no written notice of the accident. The Three Judge Panel found actual notice existed. Claimant stated at p. 18 of the trial transcript that the first time he informed the company he was claiming an on-the-job injury was in March, 1992. Be that as it may, the parties are in agreement that Claimant received medical treatment within sixty days. The purpose of former § 24, which contains the notice provisions, was to afford an employer prompt information in order to allow timely investigation of the injury and extend the opportunity to provide prompt treatment to ameliorate the injury or possible disability. *Oklahoma City v. Alvarado,* 523 P.2d 1073 (Okla.1974). The statute at that time did not contain the provision concerning medical treatment sufficing in the place of notice. 85 O.S.1991 § 24.2 was enacted in 1986, and now provides:

> A. Unless an employee gives oral or written notice to the employer within sixty (60) days of the date an injury occurs or the employee receives medical attention from a licensed physician during the sixty-day period from the date an injury occurred, the claim shall be forever barred, unless, in the discretion of the trial judge, good cause is shown by the employee to the Court to excuse such failure of notice or treatment....

This statute, as now written, specifies treatment within sixty days, suffices as notice and is unequivocal, and clearly contains no exceptions. There is no question Claimant was treated within sixty days, and thus under the 1986 Statute, notice is not required by statute where medical treatment is received within sixty days. The Petitioner correctly argues that this provision negates one purpose of the statute as previously stated in the case law, (allowing the employer to make a timely investigation of the accident), but the statute is clear. While the Three Judge Panel found actual notice, such erroneous finding is not sufficient to vacate the award. A correct judgment, although based on an incorrect theory, will not be disturbed on appeal because the trial court considered an immaterial issue or made an erroneous finding of fact. If the trial judge reached the correct result for the wrong reason his order must be upheld. *G.A. Mosites Co. of Ft. Worth, Inc. v. Aetna Cas. & Sur. Co.,* 545 P.2d 746 (Okl.1976). See also, *Heiman v. Atlantic Richfield Co.,* 807 P.2d 257, 262 (Okl.1991); *Matter of Estate of Bartlett,* 680 P.2d 369 (Okl.1984); *Atlantic Richfield Co. v. State ex rel. Wildlife Conservation Comm.,* 659 P.2d 930 (Okla.1983).

None of the errors alleged in Petitioners brief are found to be sufficient to overturn the award made by the Three Judge Panel, and the award must therefore be sustained.

SUSTAINED.

HANSEN and ADAMS, JJ., concur.