## CAVIN v. KAY & KIOWA OIL CO. et al.

No. 19566.   Opinion Filed Oct. 8, 1929.

Bellatti & Brown, for petitioner.

J. C. Denton, R. H. Wills, J. H. Crocker, F. A. Graybill, I. L. Lockwitz, and H. M. Gray, for respondents.

MASON, C. J. This is an original proceeding in this court to review an order of the State Industrial Commission entered on the 9th day of June, 1928, denying application of the petitioner herein, W. M. Cavin, for compensation for an alleged permanent partial disability arising out of an accidental injury while in the employ of the Kay & Kiowa Oil Company.

The Industrial Commission, after a hearing on the application of claimant, made findings, based upon undisputed evidence, as follows:

(1) That claimant, W. M. Cavin, was in the employment of the respondent, Kay & Kiowa Oil Company, on April 8, 1928, and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law.

(2) That arising out of and in the course of such employment with respondent herein, claimant sustained an accidental personal injury on April 8, 1927; that claimant continued in the employment of respondent and lost no wages prior to November 1, 1927, when he was discharged for the reason that respondent was reducing its working force.

The Commission then found that as a result of said accidental injury, claimant did not suffer any permanent partial loss of the use of his leg, and this proceeding was then filed to have said order vacated and set aside.

The evidence further discloses that Cavin, in order to drain base sediment from an oil tank, stood on the side of a trough about two feet above the ground. After doing this, he undertook to step down on a pipe about one foot above the ground, when his foot slipped and he strained his knee. He continued to perform the same services as before the injury until November 1, 1927, when he was discharged. There is no evidence that his discharge was due to dissatisfaction with his work, but it appears to have been a result of decreasing the number of employees. This claim for compensation was not filed until after claimant's discharge, and the hearing before the Industrial Commission was held on June 7, 1928.

Two physicians testified for the claimant, and while their testimony was not very emphatic, yet each expressed the belief that claimant was suffering from slight partial

permanent injuries. There is no evidence that such condition did not exist prior to the accident complained of.

The rule is well established that mere evidence of an existing disability is not sufficient to support an award for compensation, but the claimant must go further and show that the disability did not exist prior to the injury. Huttig Lead & Zinc Co. v. Brown, 90 Okla. 80, 215 Pac. 1056.

Dr. Ralph V. Smith, who had been designated by the Commission to examine the claimant, testified, in part, as follows:

"My general physical examination was as follows: At the time of my examination I found no swelling of the knee. There is no limitation of motion, except a slight crepitus at times, though not always present. Clinical examination shows no evidence of former injury or present pathology of the hip. There is a slight verocosity of the veins in the popliteal space. Passively, this limb is fully extended and only very slight limitation of motion of posterior flexation, possibly amounting to not more than five degrees. I compared this knee with the other knee and I could see no difference between the two. * * * I submitted him to an x-ray examination which was reported negative, both as to the knee joint surface and tissues. The x-ray did not give evidence of a former injury or evidence of a pathological condition present. I did find on flexion an occasional crepitus in the knee joint, which I considered as negative in a man of his age. He gave his age as 71 years. * * *"

The witness further testified that he did not find any impairment to the injured knee that he considered permanent in nature.

Counsel for petitioner insist that the finding of the Commission that the petitioner has not suffered any permanent partial loss of the use of his leg from said injury is arbitrary and without evidence to support it and should be vacated.

The rule is too well established to require the citation of authorities that the decision of the Industrial Commission is final as to all questions of fact, if there is any competent evidence reasonably tending to support it. This court is not authorized to weigh evidence upon which any finding of fact is based, but where there is absolutely no evidence to support such finding and decision, the same may be reviewed as a matter of law. Associated Employers' Reciprocal v. State Industrial Commission, 83 Okla. 73, 200 Pac. 862.

After careful examination of the entire record in this case, we conclude that it contains competent evidence to sustain the finding of the State Industrial Commission and the order based thereon.

The petition for review, therefore, must be, and the same is, denied.

LESTER, V. C. J., and HUNT, RILEY, HEFNER, SWINDALL, and ANDREWS, JJ., concur. CLARK and CULLISON, JJ., absent.

Note.—See under (1) anno. L. R. A. 1916A, pp. 178, 266; L. R. A. 1917D, 186; 30 A. L. R. 1277; 28 R. C. L. p. 828 et seq.; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1581; 6 R. C. L. Supp. p. 1766; 7 R. C. L. Supp. p. 1011. See Workmen's Compensation Acts—C. J. §127, p. 122, n. 40.