## MAGNOLIA PETROLEUM CO. v. RUSSELL et al.

No. 23105. Opinion Filed Dec. 20, 1932.

Supplemental Opinion on Rehearing Filed, and Rehearing Denied April 11, 1933.

B. B. Blakeney, Hubert Ambrister, and W. R. Wallace, for petitioner.

Earl Sadler, for respondents.

ANDREWS, J. This is an original proceeding in this court instituted by the respondent before the State Industrial Commission to review an award in favor of the claimant therein. The parties hereinafter will be referred to as petitioner and claimant.

The claimant sustained an accidental personal injury on November 30, 1929, arising out of and in the course of his employment by the petitioner, caused by the explosion of a boiler and consisting of burns on the face, hands, and ankles, and lacerations on the head. The petitioner and the claimant attempted to make a settlement on forms "7" and "14". The nature of the injury was therein described as "laceration on back of head—burns on face, neck, arm & legs" and the extent of the injury was therein stated to be "scars on nose, back of hand, back of head."

Neither in the employer's first notice of injury, filed January 27, 1930, and signed by Dr. Van Sandt, who treated the claimant, nor in the employee's first notice of injury and claim for compensation filed January 28, 1930, was there any mention of injury to or loss of eyesight. The claimant described his injury as "face and hands, ankles burned—lacerations on head." Dr. Van Sandt's report showed the extent of the injury to be "Laceration on back of head. Burns on face, neck, both arms, hands and legs."

The claim was heard before the Commission in September, 1931, at which time the claimant's attorney asked that he be allowed to amend the claim so as to read, "injury to eyes resulting in partial loss of vision and injury to hand, resulting in partial permanent loss of use of hand."

The Commission found that the claimant was entitled to $200 for disfigurement to his face and head; that he had sustained a five per cent. loss of the use of the right hand, and that he had sustained a 50 per cent. loss of vision in both eyes.

The record shows that at the time of the hearing the claimant had a permanent loss of vision in both eyes, but that fact was not sufficient to sustain an award therefor. Before an award can be made for permanent partial loss of vision in the eyes, there must be a showing by evidence that the permanent partial loss of vision was caused by an accidental injury which arose out of and in the course of his employment by the petitioner. There was no showing thereof. On the contrary, the record shows that the loss of vision was caused by near-sightedness. There is no competent evidence showing that the near-sightedness was caused by the accident. While the claimant testified that he had had no accidental injury to his eyes prior to the accident; that his eyes were in good condition prior thereto, and that he had never had any trouble with them, that evidence was not sufficient to sustain the award as made, for the reason that this record shows that the claimant sustained no injury to the eyes. There is no conflict in the testimony as to the condition of the claimant's eyes. All of the doctors agreed that he had a loss of vision, and no one of them testified that that loss of vision was due to an accidental injury.

We are not considering a case where there is a presumption as to normal vision prior to the injury. We are considering a case where the evidence shows that the loss of vision was caused by near-sightedness and not by an accidental injury. Any presumption that existed as to normal vision prior to the injury was destroyed by the positive testimony of the witnesses. The rule stated in G. A. Nichols, Inc., v. Bailey, 154 Okla. 214, 7 P. (2d) 468, has no application. The rule stated in Parson-Gibson Buick Corp. v. Fox, 152 Okla. 196, 4 P. (2d) 38, is not applicable. In Ellis & Lewis, Inc., v. Lane, 152 Okla. 273, 4 P. (2d) 104, this court said:

"Mere evidence of existing disability is not sufficient to support an award for compensation, and the claimant must show that the existing disability did not exist prior to the injury complained of. Cavin v. Kay & Kiowa Oil Co., 139 Okla. 47, 281 P. 232."

All of the authorities cited by claimant have been duly considered, but none of them is controlling in the instant case and under the facts here presented. There is no competent evidence to support the finding of the Industrial Commission that the claimant sustained a 50 per cent. loss of vision because of the accident complained of or any per cent. whatever.

"An award of the State Industrial Commission will be reversed by this court where there is no competent evidence reasonably tending to support the same." Ellis & Lewis, Inc., v. Lane, supra.

The award of the State Industrial Commission as to the 50 per cent. permanent loss of vision is vacated. The award is sustained as to the five per cent. loss of use of

claimant's right hand and the $200 for permanent disfigurement.

HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and RILEY, J., absent.

---

Supplemental Opinion on Rehearing.

ANDREWS, J. On a review of the record, on petition for rehearing, we find that there is some evidence tending to show that some of the loss of vision of the claimant was caused by the accidental injury sustained by him.

It is, therefore, ordered that the cause be remanded to the State Industrial Commission, with directions to vacate that portion of the award which is based on its finding of 50 per cent. loss of vision in both eyes, to hear additional evidence as to the cause of the loss of vision in the eyes, and to make an award in conformity with its finding, after excluding any loss of vision which was not caused by the accidental injury sustained by the claimant.

RILEY, C J., CULLISON, V. C. J., and McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. SWINDALL, J., dissents.