## MAGNOLIA PETROLEUM CO. v. RUSSELL et al.

No. 24980.   Oct. 15, 1935.

Rehearing Denied Nov. 19, 1935.

B. B. Blakeney, W. R. Wallace, and Hubert Ambrister, for petitioner.

Earl Sadler and M. F. Boddie, for respondents.

OSBORN, V. C. J.   This is an original action to review an award of the State Industrial Commission entered in favor of J. B. Russell, hereinafter referred to as claimant, against the Magnolia Petroleum Company, hereinafter referred to as respondent.

On November 30, 1929, while employed by respondent in a hazardous employment, claimant was injured by a boiler explosion. After a hearing before the Industrial Commission an award was made for $200 for disfigurement, a 5 per cent. loss of the use of the right hand and 50 per cent. loss of vision in both eyes. The above award was reviewed by this court and affirmed as to the award for disfigurement and the loss of the use of the hand, but in the original opinion it was held that there was no evidence tending to show that claimant's loss of vision could be attributed to the injury. On rehearing, however, the record was re-examined and the following supplemental opinion rendered by the court:

"On review of the record, on petition for rehearing, we find that there is some evidence tending to show that some of the loss of vision of the claimant was caused by the accidental injury sustained by him.

"It is therefore ordered that the cause be remanded to the State Industrial Commission, with directions to vacate that portion of the award which is based on its findings of 50 per cent. loss of vision in both eyes, to hear additional evidence as to the cause of the loss of vision in the eyes; and to make an award in conformity with its finding, after excluding any loss of vision which was not caused by the accidental injury sustained by the claimant." Magnolia Pet. Co. v. Russell, 163 Okla. 62 20 P. (2d) 900.

The mandate of this court was filed with the Industrial Commission, and thereafter further evidence was introduced with regard to claimant's loss of vision, and the Commission found that there was a loss of vision of 20 per cent. in both eyes, which is permanent and due wholly and entirely to the accident of November 30, 1929, and exclusively as a result thereof. Respondent seeks to vacate said award on the ground that there is no competent evidence to sustain the same.

In this connection claimant testified that prior to the injury his eyes were in good condition; that he had never before sustained any injury to his eyes and had never had difficulty in reading and had never suffered pain in his eyes prior to the injury. Dr. W. M. Mussill, who qualified as an expert in the treatment of eyes, testified that after the injury he examined claimant's eyes and the vision was 20/100 in both eyes, which was reduced to 20/40 by the use of glasses; that 20/100 was 51 per cent. The doctor further testified that in consideration of the history of the case, the pathology found in the eyes, and the fact that claimant had never had trouble with his eyes

prior to the accident, it was his opinion that the loss of vision was attributable to the accidental injury.

Other medical men were called by the respondent and testified that they had examined claimant and that he had no appreciable loss of vision. and that such loss as he did have was attributable to myopia or short-sightedness and could not be attributable to the accidental injury. There is a direct conflict in the evidence, both as to the extent and cause of the loss of vision. This court, however, will not examine and weigh conflicting evidence, but where there is any competent evidence which reasonably tends to sustain an award by the Industrial Commission, such award will not be disturbed by this court.

The award is sustained.

McNEILL, C. J., and BAYLESS, CORN, and GIBSON, JJ., concur.