## OKLAHOMA FURN. MFG. CO. et al. v. WASHINGTON.

No. 27767. June 29, 1937.

382

Butler, Brown & Rinehart, for petitioners.

O. W. Been, C. L. Andrews, and Mac Q. Williamson, Atty Gen., for respondents.

PER CURIAM. This is an original action in this court brought to review an award of the State Industrial Commission made in favor of Edgar Washington, hereinafter referred to as claimant, and against the Oklahoma Furniture Manufacturing Company and its insurance carrier, hereinafter referred to as petitioners.

The record discloses that on May 5, 1936, the claimant, while assisting in moving some furniture, was struck in the chest and side by some planks which fell from where they had been leaning against a wall. The force of the blow was sufficient to knock the breath out of the claimant. The employer furnished immediate medical attention. The injury did not appear to be serious and the claimant returned to work on May 14, 1936; the employer paid compensation for the temporary total disability between the date of the accident and the date of the return to work. The claimant thereafter worked at broken intervals until August 14, 1936, when he ceased work entirely. Employee's first notice of injury and claim for compensation was filed with the Industrial Commission on October 15, 1936. At the hearing before the commission the petitioners admitted that the claimant had sustained an accidental injury while engaged in a hazardous employment as defined by the Workmen's Compensation Law of this state, and that he had been furnished medical attention and was paid compensation for the period between the date of the accident and his return to work, but contended that any subsequent disability had no causal connection with the accidental injury. The medical testimony before the commission both on the part of the claimant and of petitioners conclusively established the fact that the claimant was suffering from active pulmonary tuberculosis, and by reason thereof was totally disabled from performing work or labor. The testimony on the part of the claimant sustained the theory that his condition had been induced or aggravated by the injury. The testimony offered by the petitioners tended to establish the fact that the claimant was suffering with the disease prior to his injury, and that the injury had in no manner caused, induced or aggravated the same. The commission found in favor of the claimant and the petitioners urge that there is no competent evidence to support such finding and the award based thereon. Petitioners contend that the testimony of the claimant's doctor was incompetent and should be rejected for the reason that his testimony was predicated largely upon the history of injury given to him by the claimant, and for the further reason that the testimony of the specialist appearing for the petitioners negatived the claim of injury as an inducing or aggravating cause, and the petitioners insist that the testimony of the specialist was the only competent testimony before the commission. This court had occasion to discuss substantially the same contentions as here advanced in the case of Skelly Oil Co. v. Rose, 176 Okla. 313, 55 P. (2d) 1019, and therein said:

"An accidental injury, sustained by a workman engaged in a hazardous occupation within the Workmen's Compensation Act, which aggravates or produces activity of a latent or dormant disease, thus creating a disability which did not previously exist, is compensable.

"When an injury is of such character as to require skilled and professional men to determine the cause, nature and extent thereof, the question is one of science requiring the testimony of skilled professional persons for its determination.

"A physician engaged in the general practice of medicine, when called as a witness, is not disqualified to express an opinion upon a matter of medical science

merely because he admits that his knowledge and experience are more limited or restricted than that of a specialist; provided, of course, he possesses sufficient familiarity with the subject matter of his testimony to formulate an opinion. Nor should the testimony of such a witness be rejected as a matter of law merely because it is opposed by the testimony of a specialist."

The medical testimony of the petitioners and of the claimant was in accord with respect to the disablity of the claimant, but was in disagreement as to the cause of such disability. The petitioners' medical testimony clearly established the fact that the claimant had a tubercular condition prior to his injury and the medical testimony of the claimant based the disability upon the aggravation or inducement of such condition by reason of the injury. The record shows that the claimant had apparently been in reasonably good health prior to the date of his injury with the exception of occasional colds, and that within a few weeks after the injury he became totally and permanently disabled. We are of the opinion that the medical testimony offered by both parties when considered in the light of the facts surrounding the claimant's disability was sufficient to support the finding of the commission, and that there was no error in the finding made. As said in the case of Shell Petroleum Corp. v. White, 176 Okla. 573, 56 P. (2d) 830:

"Where, in a proceeding before the State Industrial Commission to obtain an award for compensation under the Workmen's Compensation Law, the evidence is conflicting as to whether the disability of the employee is due to disease or to an accidental injury, and there is competent evidence to support either theory, an award based on accidental injury is within the jurisdiction of the commission and will not be disturbed by this court on review."

The findings of the commission being supported by competent evidence, and there being no error of law, the award of the State Industrial Commission is sustained.

Award sustained.

OSBORN, C. J., BAYLESS, V. C. J., and CORN, GIBSON, and HURST, JJ., concur.