## OKLAHOMA NATURAL GAS CO. et al. v. WHITE et al.

No. 28118.   Dec. 20, 1938.

T. A. Aggas (Roland O. Wilson, of counsel), for petitioners.

Tom Finney, J. B. Moore, and Mac Q. Williamson, Atty. Gen., for respondents.

GIBSON, J. The respondent employee filed his notice and claim for compensation with the State Industrial Commission alleging disability as a result of an accidental injury received while in the employ of the petitioner on September 10, 1935. The nature of the injury was given as ruptured blood vessels in the left lung sustained while respondent was lifting a heavy desk, resulting in hemorrhage.

The claim was presented on the theory that the aforesaid injury lighted up or aggravated a dormant tubercular condition, resulting in active pulmonary tuberculosis and consequent total disability of respondent. Skelly Oil Co. v. Rose, 176 Okla. 313, 55 P.2d 1019; Oklahoma Furniture Mfg. Co. v. Washington, 180 Okla. 381, 70 P.2d 69. Petitioner takes the position that there is no evidence to sustain the award of the commission.

The record reveals that the respondent had been afflicted with pulmonary tuberculosis for a number of years prior to the alleged accident, and immediately thereafter he ceased working and was declared by physicians to be totally disabled as a result of said disease. There is also evidence in the record showing that the respondent had the hemorrhage while lifting the desk as alleged.

If the award is to be sustained, the evidence must show a causal connection between the act of lifting the desk and respondent's present disability, and this must be established by skilled and professional men. The question thus to be determined is whether the respondent was rendered disabled as an immediate result of lifting the

desk or merely as a result of tuberculosis. If the lifting accelerated the disease, then dormant to the point of disabling respondent, his injury was compensable. Skelly Oil Co. v. Rose, supra; Oklahoma Furniture Mfg. Co. v. Washington, supra.

Two physicians testified that a strain caused by heavy lifting might make active or hasten tuberculosis, but there is no medical testimony to show that claimant's disease was actually dormant at the time the desk was lifted, or to reasonably indicate that the lifting, by hastening the illness, had concurrently or at sometime thereafter put an end to respondent's ability to perform labor. There is no such evidence to show that the tuberculosis had not reached an advanced and disabling stage prior to or at the time of the alleged accident. In other words, the evidence shows no causal connection between the act of lifting the desk and the later tubercular condition. The burden to establish this connection by expert testimony was on the respondent.

In view of the foregoing conclusion, other assignments will not be considered.

The award is not sustained by the evidence, and must be vacated.

Award vacated.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, CORN, DAVISON, and DANNER, JJ., concur. HURST, J., dissents.