CLYDE'S AUTO SALVAGE & COAL OPERATORS CAS. CO. v. HUGHES et al.

No. 33999.    March 21, 1950.

Rehearing Denied April 11, 1950.

*231 P. 2d 356.*

Welcome D. Pierson and Howard Hentz, Oklahoma City, for petitioners.

Farmer & Kerr, Oklahoma City, for respondent Harold Hughes.

Mont R. Powell and Anthony R. Kane, Oklahoma City, for respondent Special Indemnity Fund.

Mac Q. Williamson, Atty. Gen., for respondent, State Industrial Commission.

JOHNSON, J. On the 19th day of March, 1948, Harold Hughes filed his first notice of injury and claim for compensation stating that on the 28th day of January, 1948, while employed as a mechanic by Clyde's Auto Salvage, he sustained an accidental injury when he burned himself severely. On the 16th day of November, 1948, the trial commissioner entered an award for total permanent disability and assessed said disability at 50 per cent against Clyde's Auto Salvage and 50 per cent against Special Indemnity Fund after making the necessary findings as provided by 85 O. S. 1943 Supp. §171 et seq.

The award was affirmed on appeal to the commission en banc.

This proceeding is brought by Clyde's Auto Salvage and its insurance carrier as petitioners and Special Indemnity Fund as cross-petitioner to review the award.

Claimant had a tumor removed from his back in an operation by Dr. Wilkins on the 6th day of February, 1945. After this operation his legs were partially paralyzed, and it was necessary for him to use crutches. He was employed in June, 1946, by the petitioner, Clyde's Auto Salvage, to clean automobile parts. On the 1st day of January, 1948, a fellow employee overturned some cleaning fluid which caught fire and he was seriously burned. Since then his legs have been useless. Subsequent to the injury caused by the burn the legs are flexed, that is, he is unable to straighten out either leg, and the left leg is bent at a right angle at the knee so that it cannot be straightened. All parties to the proceeding agree that claimant is totally and permanently disabled.

Cross-petitioner, Special Indemnity Fund, contends that claimant was not a physically impaired person for the reason that since the operation of February 6, 1945, he has been totally and permanently disabled. In Special Indemnity Fund v. Hunt, 200 Okla. 1, 190 P. 2d 795, we stated:

"The definition of a 'physically impaired person' fixes the conditions precedent to attachment of jurisdiction of the commission over the Fund. The evidence thereon will be weighed on review and determined independently of the commission's general finding that an employee was a 'physically impaired person.' If the evidence, having been weighed by us, is sufficient to and did confer authority on the commission to enter an award against the Fund, the general determination that the employee was a 'physically impaired person' will be approved."

In Special Indemnity Fund v. Prewitt, 201 Okla. 308, 205 P. 2d 306, it is stated:

"Here the applicability of the Special Indemnity Fund Act was disputed on the alleged ground that the employee claimant, was totally and permanently disabled at the time the compensable accident and injuries occurred. If this is true, the Act would not apply and the commission would be without power to make an award against the Fund."

Claimant testified that he went to work for petitioner, Clyde's Auto Salvage, in June, 1946, and until the accidental injury of January 28, 1948, never missed a day; that he drew regular wages for his work; although he ordinarily sat in a chair for his work in cleaning parts, he could move about without his crutches, but that he could not stand for any length of time without them; that prior to the accidental injury of January 28, 1948, his legs were not flexed and he could use them "pretty near any way I wanted to"; that he was improving in his ability to use his legs prior to the accident. His employer supported his testimony that prior to the accident he could stand and walk about the room without the use of his crutches and did this quite often for short periods at a time.

The medical testimony is in conflict, and although one doctor testified that claimant was totally and permanently disabled by the operation, the others fixed his disability prior to the accidental injury at permanent partial. In Dierks Lumber & Coal Co. v. Lindley, 182 Okla. 185, 77 P. 2d 44, we said:

"Ordinarily a disability cannot be classified as total under the Workmen's Compensation Law, St. 1931, §13348 et seq., as amended, 85 Okla. St. Ann. §1 et seq., where the earning power of the employee is not wholly destroyed and capacity to perform remunerative employment remains. Oklahoma Gas & Electric Co. v. Hardy, 179 Okla. 624, 67 P. 2d 445."

A similar contention to that made by Special Indemnity Fund was made in Starr Coal Co. v. Evans, 199 Okla. 342, 184 P. 2d 638. Therein the court said:

"Petitioner also contends that by reason of respondent's prior injury he was totally permanently disabled within the meaning of the Workmen's Compensation Act and he could not therefore recover compensation because of a future injury. This contention cannot be sustained. The evidence discloses that notwithstanding respondent's previous injury he was still able to perform and did satisfactorily perform manual labor. His earning capacity was not entirely destroyed by reason of his prior injury. Such earning capacity as he still had was further impaired by his present injury. He was therefore entitled to recover compensation by reason of such injury notwithstanding the previous injury. 85 O. S. 1941 §22, subd. 6."

It is also asserted that the medical testimony is to the effect that there was an aggravation of a prior physical condition and that any disability is due to this aggravation. Cross-petitioner, Special Indemnity Fund, cites in support of this contention Skelly Oil Co. v. Rose, 176 Okla. 313, 55 P. 2d 1019; Billington Lumber Co. v. Newport, 180 Okla. 407, 69 P. 2d 1039; and Oklahoma Furniture Mfg. Co. v. Washington, 180 Okla. 381, 70 P. 2d 69. These cases are authority for the rule that where an accidental injury lights up a dormant condition the accidental injury creates the entire disability for which the employer is liable. They are not applicable in the case at bar. Special Indemnity Fund also argues that the medical evidence is to the effect that the latter injury alone would have rendered claimant totally and permanently disabled, and therefore the case comes within the rule announced in Petroleum Maintenance Co. v. Herron, 201 Okla. 393, 206 P. 2d 182. Therein the State Industrial Commission under conditions quite different to the case at bar found that the entire disability was caused by the latter injury alone, and this court sustained the finding. The case is readily distinguishable from the case at bar. The substantial evidence is to the effect that claimant was able, without physical discomfort or pain, continuously to perform the manual labor required in his work, and upon an independent review we find that the claimant was a physically impaired person within the meaning and definition of 85 O. S. 1943 Supp. §171.

Based upon the conflicting evidence in the record, the findings of fact made by the commission, upon nonjurisdictional matters, is final and conclusive. Those findings, in effect, determine the following facts:

The claimant is now 100% permanently and totally disabled.

That as a result of the subsequent accidental injury alone (the burns) claimant suffered a 50% permanent total disability to the body as a whole.

That the degree of disability caused by the combination of the two disabilities (100%) is materially greater than the sum of the individual disabilities acting independently.

That the other 50% permanent total disability to the body as a whole is caused by the first injury and the increased disability resulting from such combination.

These conclusions being reached, claimant was entitled to "receive one hundred (100%) per centum of the compensation, as now provided by law, for such permanent total disability." (85 O. S. 1945 §172.) The rules of computation of the amount of such award payable by the Special Indemnity Fund set out in the case of Special Indemnity Fund v. Ward et al., 199 Okla. 196, 185 P. 2d 186, are not here applicable since this is a case of total permanent disability and not of partial permanent as in that case. The above statute distinguishes the two.

It is also argued by Clyde's Auto Salvage and its insurance carrier that the State Industrial Commission erred as a matter of law in fixing the degree of disability caused by the latter injury at 50 per cent, and insists that the only evidence of the degree of disability

is that of its expert, Dr. Maril, who fixed the disability at 25 per cent to the body as a whole. We do not agree. Dr. Maril testified that the degree of disability caused by the operation was 75 per cent to the body as a whole, and the degree of disability caused by the latter injury was 25 per cent to the body as a whole. The two other physicians who attempted to fix a degree of disability were Dr. Kimball and Dr. Gallagher. Dr. Kimball treated claimant while he was hospitalized after the injury of January 28, 1948. He made several reports to Clyde's Auto Salvage which were filed in the proceedings. One of these reports stated:

"It is my opinion that the permanent partial disability to the body as a whole does not exceed 5 to 10 per cent as a result of the accident sustained January 28, 1948."

It was the theory of Special Indemnity Fund and the purpose of the testimony of Dr. Gallagher, its expert, to establish that claimant had been permanently and totally disabled since his operation of February 6, 1945. If his testimony is based wholly on the statement of the history of the case by claimant, it can only be said that his reference to the history differs in several respects to the evidence of the prior physical disability of claimant as disclosed at the trial. We think it can be said Dr. Gallagher assumed that claimant could not move except on his crutches or in his chair or by holding to his workbench. This is not justified by a careful review of the evidence. Finally, on cross-examination Dr. Gallagher stated:

"Since he has developed a contracture, that is the damage in his ability to do his job at that specific job there and it is the disability; now there is your answer. The man could stand on his crutches and hold his job. If he had had his burns, the burns were well and he had no contracture, he could go back to the same job. The result of the contracture takes him away from that job, fortunate as he was to have it, and the contracture is the result of the burns."

The reasonable construction of Dr. Gallagher's testimony is that because claimant was working and able to work continuously and without interruption and without physical discomfort, and the accidental injury of January 28, 1948, destroyed that ability for this specific job, the latter injury alone caused him to be permanently and totally disabled.

In Special Indemnity Fund v. McMillin, 198 Okla. 412, 179 P. 2d 475, it is stated:

"In a case wherein an injured workman has suffered injury to two specific members, it is for the determination of the Industrial Commission as to the percentage of total disability with due regard to the cumulative effect of said injuries. The commission should make a determination thereof based upon the evidence introduced, both expert and otherwise, and should call upon their own general knowledge and experience as men of common understanding and judgment."

We are of the opinion and hold that from all the testimony and facts and circumstances, the State Industrial Commission was justified in finding that claimant had by reason of the latter injury a disability of 50 per cent to the body as a whole. This likewise establishes the degree of disability to the body as a whole prior to the accidental injury.

The above propositions cover all the issues submitted in the several assignments of error and specifications thereof made by the parties.

Finding no error, the award is sustained.

DAVISON, C. J., ARNOLD, V. C. J., and CORN, LUTTRELL, and HALLEY, J., concur. GIBSON and O'NEAL, JJ., dissent.