STANDARD ROOFING & MATERIAL COMPANY and Central Surety and Insurance Corporation, Petitioners,

v.

David ROSS and the State Industrial Commission of Oklahoma, Respondents.

No. 36538.

Supreme Court of Oklahoma.

Feb. 8, 1955.

Monnet, Hayes & Bullis, Oklahoma City, ·for petitioners.

Schwoerke & Schwoerke, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

David Ross, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on the 16th day of September, 1953, he sustained an accidental injury arising out of and in the course of his employment with Standard

Roofing and Material Company while shoveling gravel on a roof. An award for temporary total disability was entered in his favor and this proceeding is brought by Standard Roofing and Material Company and its insurance carrier, hereinafter referred to as respondents, to review the award.

The record discloses that claimant was a roofer and while working on a building at Fort Sill, Oklahoma, he injured his back while shoveling gravel. It is first argued that the evidence is insufficient to establish that there was an accidental injury. Claimant testified that he was on the roof working with a scoop and was called to the noon meal; that when he twisted around to throw the last shovelful of gravel he straightened up and felt severe pain. There are other statements by claimant to the effect that he sustained his injury while shoveling the gravel rather than simply raising up from a stooped position. The next day he was sent to Dr. E. Since that time he has been unable to work.

The evidence when reviewed and analyzed shows that claimant was injured while shoveling gravel. The evidence is very similar to that found sufficient to support the award in Choctaw County v. Bateman, 208 Okl. 16, 252 P.2d 465. Under the rule announced therein we find the evidence is sufficient to show that claimant sustained an accidental injury arising out of and in the course of his employment. See, also, Liberty Glass Co. v. Harlin, Okl., 265 P.2d 1096; Knotts Bakery v. Freudenthaler, 188 Okl. 321, 108 P.2d 540.

It is next argued that there is no competent evidence reasonably tending to support the finding that by reason of an accidental injury claimant is temporarily totally disabled. This court has many times held this is a question of fact which must be established by competent medical expert evidence. City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094.

Dr. I testified that he examined claimant at the request of the State Industrial Commission on January 21, 1954; that claimant has a disease known as disseminated lupus erythematosus. He described this disease as rare and distributing itself over all of the area of the body and affecting each organ; that this disease is of an unknown cause; that it is easily aggravated; that claimant gave a history of two accidental injuries, one in April, 1953, and one on September 16, 1953.

Both of these injuries occurred while working for the Standard Roofing and Material Company. He recovered from the accidental injury of April after being off work for two weeks. He lost no time because of the incident in July. Each time Dr. I was asked if the accidental injury of September 16, 1953, aggravated the diseased condition his reply was to the effect that it did. Each time he was asked if that alone aggravated the diseased condition he stated he could not say how much the injury of April, 1953, and the injury of September 16, 1953, contributed to the aggravation.

It is argued that Dr. I finally qualified any former statements and in effect testified that no one incident caused the accidental injury from which claimant is suffering. In the testimony referred to the doctor detailed the nature of physical effort in relation to the disease. The effect of this testimony is that an ill man is more easily injured than a well man. The substance of the testimony of Dr. I is that claimant has an aggravated condition due to the accidental injury of the 16th of September, 1953, by reason of which he cannot work and is temporarily totally disabled. State Highway Department v. Powell, Okl., 258 P.2d 1189; City of Kingfisher v. Jenkins, supra. An accidental injury that aggravates a prior diseased condition is a compensable injury. Tillery & Jones v. Sigler, Okl., 265 P.2d 484. Whether a disability is caused by an accidental injury or other injury or disease is a question of fact. White v. Hale-Halsell Co., Okl., 265 P.2d 470; Kerr Glass Co. v. Parr, Okl., 263 P.2d 728.

The report of Dr. E also is to the effect that there was an aggravation of the diseased condition by the accidental injury of September 16, 1953.

■ There is competent evidence reasonably tending to support the finding that claimant is temporarily totally disabled by reason of the accidental injury.

Award sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY and BLACKBIRD, JJ., concur.

ARNOLD, J., concurs in conclusion.