JONES OIL COMPANY and the State Insurance Fund, Petitioners,

v.

Thomas Jefferson COLE and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 37045.

Supreme Court of Oklahoma.

April 10, 1956.

Mont R. Powell, Sam Hill, Oklahoma City, for petitioners.

Wise & Liebel, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

On the 28th day of March, 1950, Thomas Jefferson Cole, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on the 11th day of March, 1950, while employed as a driller, he sustained an accidental injury arising out of and in the course of said employment with Jones Oil Company. An award was made by the trial commissioner and on appeal to the Commission en banc the award was sustained August 5, 1955. This proceeding is brought by Jones Oil Company, employer, and State Insurance Fund, insurance carrier, hereinafter called respondents, to review the award.

Claimant testified that at approximately 11 o'clock P.M., March 11, 1950, he was drilling on a well operated by the employer, and, during said drilling, a piece of equipment known as a "kelly" came loose and fell against a stove on the platform of the well and the fall caused loose material to be thrown into his eyes following which he lost so much of his eyesight that he is totally and permanently disabled due to blindness. The evidence further shows that claimant was attended by Dr. B who placed a bandage on the left eye where it remained

for a period of approximately eight days. Thereafter, about April 1st, claimant went to a firm of doctors. He was subsequently seen by a doctor at Wichita Falls, Texas, and then was seen by, or treated by, three other doctors.

Three doctors gave reports for claimant and the substance of these reports is that the accidental injury of March 11, 1950, aggravated a prior latent diseased condition resulting in complete loss of vision. There is conflicting evidence tending to disclose that disease alone is causing the disability. This conflict in the evidence was resolved in favor of claimant. In Standard Roofing & Material Co. v. Ross, Okl., 279 P.2d 947, 948, it is stated:

 "Where an accidental personal injury, arising out of and in the course of employment and within the terms of the Workmen's Compensation Law, aggravates and lights up a pre-existing physical condition, the injured employee is, nevertheless, entitled to compensation therefor. Patrick & Tillman Drilling Co. v. Gentry, 156 Okl. 142, 9 P.2d 921."

See, also, Tillery & Jones v. Sigler, Okl., 265 P.2d 484.

In Magnolia Petroleum Co. v. Watkins, 177 Okl. 30, 57 P.2d 622, 623, it is stated:

"In an action to review an award of the Industrial Commission, this court will not review conflicting evidence and determine the weight and value thereof, and, where an award of the commission is supported by competent evidence, the same will not be disturbed by this court on review."

Respondents argue that the medical evidence of the experts for claimant assumed a set of facts entirely different to that established upon the hearing. We have examined the evidence and find that the history of the case as given to the experts for the claimant is substantially accurate and that the reports made by the physicians do not assume a set of facts different from that shown by the record. In City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094, it is stated:

 "Where, in a proceeding before the Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proved by the testimony of skilled professional persons, and a finding of fact based thereon when reasonably supported will not be disturbed."

 From an examination of the entire record we find competent evidence reasonably tending to support the finding of the State Industrial Commission.

Award sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and DAVISON, HALLEY, JACKSON and HUNT, JJ., concur.