SPECIAL INDEMNITY FUND of the State of Oklahoma, administered by the State Insurance Fund, Petitioner,

v.

Othal Clint WILSON and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 38506.

Supreme Court of Oklahoma.

Nov. 17, 1959.

Rehearing Denied Feb. 2, 1960.

Mont R. Powell, Oklahoma City, Moraul Bosonetto, Sapulpa, for petitioner.

Charles R. Jones, Dick Jones, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

This is an original proceeding by Special Indemnity Fund of the State of Oklahoma, administered by the State Insurance Fund, petitioner, to obtain a review of an award of the State Industrial Commission made to Othal Clint Wilson, claimant.

The relevant evidence is that claimant had sustained a prior back injury while employed by Prugh Petroleum Co. for which he was awarded 25 per cent permanent partial disability to the body as a whole, on August 27, 1957. On December 10, 1957, claimant sustained another injury to his

back while employed by Kerren Construction Company for which he was awarded ten per cent permanent partial disability to the body as a whole. On October 23, 1958, an award was entered against the Special Indemnity Fund for total permanent disability, less the amount awarded for the last injury.

Petitioner presents three propositions, as follows: (1) That the commission erred in failing to find the degree of disability resulting from the prior injury; (2) That the last injury constituted an aggravation of the prior injury, causing claimant's total permanent disability, for which the last employer, and not the Special Indemnity Fund, is wholly liable; (3) That the medical evidence is insufficient to support an award against the Special Indemnity Fund.

Under provisions of Title 85 O.S.1951 § 172, if an employee who is a "physically impaired person" sustains a compensable injury, and the disability caused by the combination of both injuries is materially greater than that which would have resulted from the last injury alone, and constitutes permanent total disability, the employee is entitled to receive 100% of the compensation provided by law for such permanent total disability. The employer is liable for the disability resulting from the last injury alone, and the Special Indemnity Fund is liable for the balance, without deduction of the disability resulting from the injury which constituted the employee a physically impaired person. See Clyde's Auto Salvage etc., v. Hughes, 204 Okl. 467, 231 P.2d 356, for application of this rule.

It will readily be seen that failure of the State Industrial Commission to find the per cent of disability resulting from the prior injury cannot affect the award against the Special Indemnity Fund, inasmuch as no deduction is made for the prior disability.

Prior to the amendment of Section 172 in 1945, no deduction was authorized for the prior disability where the combined disability constituted only permanent *partial* disability. The employer was liable for the disability resulting from the last injury, and the Special Indemnity Fund was liable for the combined disability, less the disability resulting from the last injury. Under the cases decided prior to the amendment, the State Industrial Commission was not required to find the per cent of disability resulting from the prior injury, because such finding was unnecessary. Special Indemnity Fund v. George, 198 Okl. 457, 179 P.2d 919; Special Indemnity Fund v. Neal, 200 Okl. 242, 192 P. 2d 660.

■ We are therefore of the opinion that where the combined disability is total permanent, it is desirable, but not essential, that the commission find the per cent of disability resulting from the injury which constituted the employee a "physically impaired person".

■ Petitioner next argues that inasmuch as the last injury was to the same part of the claimant's back as the prior injury, it is a re-injury or aggravation of his former condition, and that the employer is liable for the entire disability resulting therefrom. It is, of course, true that where an injury aggravates, or lights up, a dormant condition, the employer may be liable for the entire disability. A review of those cases, however, discloses their inapplicability here, since they involve either aggravation of a dormant disease or of an injury which did not constitute claimant a "physically impaired person". Patrick & Tillman Drilling Co. v. Gentry, 156 Okl. 142, 9 P.2d 921; Skelly Oil Co. v. Rose, 176 Okl. 313, 55 P.2d 1019; Oklahoma Furniture Mfg. Co. v. Washington, 180 Okl. 381, 70 P.2d 69; Standard Roofing & Material Co. v. Ross, Okl., 279 P.2d 947; Jones Oil Co. v. Cole, Okl. 296 P.2d 155; U. S. Gypsum Co. v. State Industrial Commission, Okl., 307 P.2d 135.

The cases cited by petitioner in support of this contention are not pertinent. In Kerr Glass Company v. Parr, Okl., 263 P. 2d 728, claimant sustained two separate injuries to the same knee while working for the same employer, who was held liable for the entire resulting disability. There

was no contention, evidence or finding that the first injury constituted him a physically impaired person and the Special Indemnity Fund was not involved. In Sohio Petroleum Company v. Cotton, Okl., 272 P.2d 383, and Petroleum Maintenance Co. v. Herron, 201 Okl. 393, 205 P.2d 182, the Commission found that the last injury was the sole cause of claimant's temporary total disability, and properly held the last employer liable for the entire disability.

Two cases in which a second injury to a member was combined with a prior injury to the same member and an award made against the Special Indemnity Fund are Special Indemnity Fund v. Wade, 1948, 199 Okl. 547, 189 P.2d 609; and Special Indemnity Fund v. Ring, 199 Okl. 685, 189 P.2d 939. In the latter case claimant had sustained a prior injury to his right hand, and a second injury to the same hand. The State Industrial Commission found that he was a "physically impaired person" and found the disability resulting from the prior injury, to be 50 per cent to the hand, the disability resulting from the last injury to be 5 per cent to the hand, and the combined disability to be 100 per cent to the hand. After deducting the disabilities resulting from the prior injury and last injury, an award was made against the Special Indemnity Fund of 45 per cent to the hand. On review, we vacated the award against the Special Indemnity Fund because the only medical evidence as to the per cent of disability resulting from the last injury was 20 per cent to the hand, holding that the Commission's finding of 5 per cent for the last injury was arbitrary and not supported by the medical evidence.

Petitioner concedes that back injuries may be combined where the combined disability is total permanent.

Petitioner urges for its final proposition that there is no competent evidence to support the award against the Special Indemnity Fund. A review of the medical evidence discloses that both Dr. T, for claimant, and Dr. R., for petitioner, fixed claimant's disability as a result of the last injury at ten per cent to the body as a whole; and that both Dr. T, and Dr. G, who was appointed by the Trial Commissioner as a neutral doctor, expressed the opinion that claimant was permanently and totally disabled by combination of the prior and last back injuries.

The Commission found that claimant sustained a ten per cent permanent partial disability to his body as a whole as a result of the last injury; that he was a physically impaired person; and that by reason of the combination of said injuries he is permanently and totally disabled; and awarded claimant compensation of 500 weeks at $30 a week, less the 50 weeks previously awarded for his last injury, against the Special Indemnity Fund.

There is ample competent medical evidence to support the finding and award against the Special Indemnity Fund.

Award sustained.