SPECIAL INDEMNITY FUND, Administered by The State Insurance Fund, Petitioner,

v.

Ernest B. WRIGHT and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 38324.

Supreme Court of Oklahoma.

March 22, 1960.

Mont R. Powell, Oklahoma City, Moraul Bosonetto, Sapulpa, for Special Indemnity Fund, petitioner.

Walter E. "Tony" Liebel, Oklahoma City, for respondent.

WILLIAMS, Vice Chief Justice.

Ernest B. Wright, hereinafter referred to as claimant, filed his first notice of injury and claim for compensation for an injury sustained in the course of his employment with Switzer Sign Company.

Claimant, a sign painter, fell from a ladder, sustaining 50% permanent partial disability to his left arm. Prior to this injury, claimant was industrially blind in both eyes, totally deaf in both ears and had a partial disability to his right knee resulting from natural causes and an automobile accident. These facts were admitted by both parties.

The trial Commissioner made the following findings of fact and award:

1. "That when claimant sustained his last compensable injury on December 13, 1957, to his left arm, he was a previously impaired person by virtue of being industrially blind in both eyes, totally deaf in both ears and having a 20 per cent permanent partial disability to his right leg.

2. "That claimant's rate of compensation is $30.00 per week; that even though claimant was industrial-ly blind, totally deaf, and had said 20 per cent permanent partial disability to his right leg prior to his last injury, he was engaging in his particular phase of ordinary manual labor, that is, of a sign painter, and making about $5000.00 per year; and since his last accident he has sustained 50 per cent permanent partial disability to his left arm, by reason of said accidental personal injury of December 13, 1957, and can no longer climb and maintain his balance on his ladders, and scaffolds and is now permanently and totally disabled to perform ordinary manual labor, even the phase of sign painting.

3. "That by reason of claimant's permanent and total disability he is entitled to compensation of 500 weeks at $30.00 per week, or the total sum of $15,000.00, less 125 weeks for the 50 per cent permanent partial disability to the left arm, and less 18 weeks paid as compensation for temporary total disability, leaving the Special Indemnity Fund obligated to pay compensation to claimant for 357 weeks at $30.00 per week, or the total amount of $10,710.00, same to be paid to claimant at the rate of $30.00 per week from the date of filing of this order, except that it would be to the best interests of claimant that 25 per cent of the award be commuted from the latter end thereof and paid to claimant in a lump sum in the amount of $2,677.50, to allow claimant to pay for his wife's operation."

The Special Indemnity Fund of Oklahoma, hereinafter referred to as petitioner, seeks a review of such award.

Petitioner contends that the Special Indemnity Fund is not liable where claimant is totally disabled prior to the last injury, Special Indemnity Fund v. Prewitt, 201 Okl. 308, 205 P.2d 306. Clyde's Auto Salvage & Coal Operators Casualty Co. v. Hughes, 204 Okl. 467, 231 P.2d 356.

The schedule for computing permanent total disability is set out in 85 O.S.1951 § 22,

paragraph 1, which reads in part as follows:

"* * * loss of both hands, or both feet, or both legs, or both eyes, or any two thereof, shall in the absence of conclusive proof to the contrary, constitute permanent total disability * * *."

In Dierks Lumber & Coal Co. v. Lindley, 182 Okl. 185, 77 P.2d 44, 46, it was stated:

"* * * Ordinarily a disability cannot be classified as total under the Workmen's Compensation Law * * * where the earning power of the employee is not wholly destroyed and capacity to perform remunerative employment remains * * *".

"A total permanent disability within the terms of the Workmen's Compensation Law is not synonymous with total incapacity or total dependence, but means a lack of ability to follow continuously some substantially gainful occupation without serious discomfort or pain and without material injury to health or danger to life."

See also Oklahoma Gas & Electric Co. v. Hardy, 179 Okl. 624, 67 P.2d 445.

The evidence is undisputed that claimant prior to this injury was able to work eight or more hours a day notwithstanding his loss of vision and hearing and the partial permanent disability to his right leg. This evidence amply sustains the trial Commissioner's finding "that even though claimant was industrially blind, totally deaf, and had said 20 per cent permanent partial disability to his right leg prior to his last injury, he was engaging in his particular phase of ordinary manual labor, that is, of a sign painter * * *." There was also competent and uncontradicted evidence that claimant is now permanently and totally disabled to perform ordinary manual labor.

The next sentence of section 22 of Title 85 O.S.1951 following the above quotation is as follows:

"In all other cases, permanent total disability shall be determined in accordance with the facts."

■ The finding as a matter of fact that claimant was not totally disabled by reason of accident, disease or any other cause; that claimant was a physically impaired person as defined in 85 O.S.1951 § 171; and that claimant, by reason of the previous disability combined with the disability resulting from the last injury, is now permanently totally disabled is sustained by competent evidence. In view of these facts, and the further fact that petitioner has not heretofore been adjudged to have been previously permanently totally disabled, the award was proper under the provisions of 85 O.S.1951 § 171 et seq., and is therefore sustained. Special Indemnity Fund v. Wilson, Okl., 348 P.2d 1072.

■ Petitioner further contends that the trial judge made no finding that the claimant was only partially permanently disabled by reason of existing old conditions. Special Indemnity Fund v. Goad, Okl., 281 P.2d 179; Special Indemnity Fund of State of Okl. v. Iven, Okl., 284 P.2d 419. While it is true that the trial judge made no finding as to the degree of disability resulting from claimant's previous physical impairment by loss of hearing, vision and the partial disability to his right leg, comment on petitioner's argument in this regard is unnecessary in view of our decisions on this question in Special Indemnity Fund of Okl. v. Townsend, Okl., 346 P.2d 928, and in Special Indemnity Fund v. Wilson, supra.

Award sustained.

DAVISON, C. J., and HALLEY, JOHNSON and BLACKBIRD, JJ., concur.

WELCH, JACKSON, IRWIN and BERRY, JJ., dissent.