STANDARD TESTING AND ENGINEERING COMPANY and the Travelers Insurance Company, Petitioners,

v.

Hugh BRADSHAW and the State Industrial Court, Respondents.

No. 42605.

Supreme Court of Oklahoma.

April 30, 1968.

As Amended and Rehearing Denied June 25, 1968.

338

Watts, Looney, Nichols & Johnson, Oklahoma City, for petitioners.

W. A. McWilliams, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

DAVISON, Justice.

There is presented here for review an award of the State Industrial Court allowing the claimant compensation for total loss of vision in the left eye against the petitioners here, Standard Testing and Engineering Company, and its insurance carrier, The Travelers Insurance Company, respondents below. Parties will be referred to here as they appeared before the State Industrial Court.

The undisputed facts are as follows: Claimant during the year 1961 developed cataracts on both eyes. The cataracts were surgically removed and claimant was fitted with cataract lenses. Dr. C in his report states that after the performance of the 1961 operation claimant had uncorrected visual acuity in each eye, without corrective lenses of "counting fingers at three feet." With corrective lenses claimant had a normal vision of 20/20 in each eye.

On July 26, 1963, while employed by the respondent as an engineer, claimant struck the left side of his head on a cross-beam. He received medical treatment. Dr. D found that as a result of said accident he

had sustained "a detachment of the retina in the left eye." Several not entirely successful operations were performed in an attempt to reattach the retina. Dr. C found that claimant's "uncorrected visual acuity" in the left eye to have fallen "from finger counting at three feet to hand movements at one foot." Dr. C and Dr. D both found the disability to claimant's left eye with the "best corrected lenses" to be 20/200, representing an 80% loss of vision in the left eye.

Claimant testified that before the July 26, 1963 accident he could without his glasses see objects in a room, also people with his left eye but is now unable to see anything by the use of his left eye.

The doctors agree that claimant's condition is permanent.

Respondent's sole contention is that claimant was industrially blind in his left eye before the July 26, 1963, accident and therefore is not entitled to recover for an additional disability to the eye.

The facts presented here are quite similar to those involved in Special Indemnity Fund v. Long, Okl., 281 P.2d 933, wherein the claimant prior to the accident in question was industrially blind in his right eye and had a visual acuity in his left eye of less than 20/200 without glasses but corrected to 2/20 with glasses. He sustained a blow on his head causing additional disability to his left eye. We sustained an award of 30 per cent disability to the left eye.

■ We have held where "eye is lost by injury, and at time there was sufficient vision [in the eye] for satisfactory performance of labor, the award must be based upon loss of eye." Forrest E. Gilmore Co., v. Booth, 155 Okl. 195, 8 P.2d 717.

■ The question of a man's permanent disability is not to be determined solely by technical formulas defining percentages of disability but is dependent to a large extent on the ability of the individual to perform continuously some substantially gainful occupation notwithstanding his disability. Special Indemnity Fund v. Wright, Okl.,

350 P.2d 936; Clyde's Auto Salvage & Coal Operators Cas. Co. v. Hughes, 204 Okl. 467, 231 P.2d 356.

■ Here we have a man technically defined as blind in both eyes but with the aid of corrective lenses performing efficiently the same tasks as a man with normal vision. He had some vision in his left eye without corrective lenses. He could count fingers at a distance of three feet. Without his glasses he could observe objects in a room. He sustained the present accident and the sight of his left eye was industrially destroyed. Without glasses he can see at a distance of only one foot. With the best corrective lenses his vision in the left eye is limited to 20/200.

■ The award of the State Industrial Court is sustained by reasonable competent evidence and is in accord with the principles of law declared by this court.

The award is sustained.

JACKSON, C. J., IRWIN, V. C. J. and DAVISON, WILLIAMS, BERRY, HODGES, LAVENDER and McINERNEY, JJ., concur.

BLACKBIRD, J., concurs in result.