Donald **TANNEHILL**, Petitioner,

v.

**SPECIAL INDEMNITY FUND** and Oklahoma State Industrial Court,
Respondents.

No. 47562.

Supreme Court of Oklahoma.

July 8, 1975.

James F. Fellingham, Anderson, Bonham, Brogden & Fellingham, Oklahoma City, for petitioner.

Mary E. Cox, Oklahoma City, for respondents.

SIMMS, Justice.

■ Does a workman with a prior adjudicated non-scheduled permanent partial disability become a "physically impaired person" as defined in 85 O.S.1971, § 171, and qualify as the recipient of the entitlements of the Special Indemnity Fund where he suffers a subsequent adjudicated non-scheduled permanent partial disability and a combination of the two separate non-scheduled (other cases) injuries is less that 100% or total permanent disability?

The answer must be in the affirmative.

In 1969, petitioner, hereafter claimant, sustained a neck injury which required surgery of the cervical spine. Compensation for injury was settled on Form 14 agreement for 10% permanent partial disability. January 3, 1973, claimant sustained a second injury which necessitated further surgery in the same area. Compensation for this injury also was settled on Form 14 for 10% permanent partial disability. Both injuries involved permanent partial disability to the body as a whole under "other cases" provision of 85 O.S. 1971, § 22 (3).

Claimant thereafter sought benefits against respondent, hereafter the "Fund". On May 21, 1974, the trial judge entered the following order:

"That claimant's combination of two body injuries does not render the claimant 100% disabled and are therefore not combinable, and claimant's claim should be denied."

Claimant seeks to vacate this order upon the ground § 171 of the Act as amended in 1971, was intended to permit combining separate and distinct injuries as basis for compensation as a physically impaired person, without requiring a claimant to be permanently totally disabled.

House Bill 249, S.L. 1943, P. 258 et seq., created the Special Indemnity Fund, defined "physically impaired person", and provided for compensation for additional disability if the combination of "both disabilities" is materially greater "than that which resulted from the subsequent injury alone."

The 1943 Act defined "physically impaired person" as:

"* * * a person who as a result of accident, disease, birth, military action, or any other cause, has suffered the loss of the sight of one eye, the loss by amputation of the whole or a part of some member of his body, or the loss of the use, or partial loss of the use, of a specific member as is obvious and apparent from observation or examination by an ordinary layman, that is, a person who is not skilled in the medical profession, or *any disability which previously has been adjudged and determined by the State Industrial Commission."*

The quoted provisions of the 1943 Act were held to not be amendatory of the Workman's Compensation Act, but supplemental thereto. *Special Indemnity Fund v. Farmer,* 195 Okl. 262, 156 P.2d 815 (1945); *Forston v. Heisler,* Okl., 341 P.2d 252, 254 (1959).

The Fund then asserts that since the Special Indemnity Fund Statutes are supplementary, the statutes authorizing the combining of injuries must be examined. 85 O.S.1971, § 22, reads:

"(1) Permanent Total Disability. In case of total disability adjudged to be permanent, sixty-six and two-thirds percent (66⅔%) of the average weekly wages shall be paid to the employee during the continuance of such total disability not exceeding five hundred (500) weeks; loss of both hands, or both feet, or both legs, or both eyes, or any two thereof, shall, in the absence of conclusive proof to the contrary, constitute permanent total disability. *In all other cases,* permanent total disability shall be de-

termined in accordance with the facts." (E.A.)

With regard to "other case" injuries, the Fund concludes that under the provisions of § 22, supra, it is only when the combined permanent partial disability to the body as a whole constitutes *total permanent disability* does the workman come within the protection of the Special Indemnity Funds. They cite *Special Indemnity Fund v. Wilson*, Okl., 348 P.2d 1072 (1959) as authority for this conclusion.

*Wilson, supra,* involved an original back injury resulting in 25% permanent partial disability to the body as a whole, and a subsequent back injury adjudicated a 10% permanent partial disability, the combination of the two resulting in total permanent disability. We there held that a combination of "other case" injuries resulting in total permanent disability came within the provisions of the statutes pertaining to the Special Indemnity Fund. It is to be emphasized that both injuries in *Wilson* were *adjudicated,* as they are in the instant case.

The provisions of the Special Indemnity Fund were amended in 1945; 1953; and 1961; however these amendments are not relevant to the decision in this case.

Recurrence of problems arising from limitation upon statutorily defined "physically impaired persons" resulted in further amendment of the statute in 1971, now 85 O.S.1971, § 171, involved in the present review.

Briefly summarized, the 1971 amendment continued recognition of physical impairment suffered by loss of specific member. Definition of a "physically impaired person" then was expanded to include any person who has suffered "* * * any disability which previously has been adjudged and determined by State Industrial Court of Oklahoma * * * or the state industrial court, board, or commission of any other state [etc.] * * * or any disability or combination of disabilities herein set out, or set out in Section 22 of this title under the 'other cases' provision of the Work-

men's Compensation Laws of the State of Oklahoma, or any other state or federal board, agency or commission, shall be prima facie evidence that the claimant is a 'physically impaired person' to such an extent that the State Industrial Court of the State of Oklahoma shall have jurisdiction to hear and determine the nature and extent of any increase in disability by reason of the combination of such multiple disabilities."

Respondent argues § 171, both before and after this amendment, only stated a mandatory requirement that enumerated physical impairment exist before a claimant could come within provisions of the Special Indemnity Fund. Further, the amendment did not create any new combinable injuries, but only enlarged those enumerated physical disabilities which would constitute physical impairment, without amending § 22, schedule of compensation. Upon this premise, respondent contends the Act as it presently exists does not authorize combining unscheduled injuries except where these result in total permanent disability.

 The claim that this amendment merely enlarged enumeration of disabilities constituting physical impairment, but did not amend the schedule of compensation is untenable. Elementary rules of construction require statutes to be interpreted to reach the Legislature's true intent and meaning. And, statutes must be reasonably and sensibly construed in preference to a construction which renders all or part of the statute useless or deleterious, or permits absurd consequences. *Becknell v. State Industrial Court,* Okl., 512 P.2d 1180 (1973).

 The interpretation the Fund places upon § 171 would permit adjudication of impairment based upon prior unscheduled injury, but deny compensation where disability from subsequent injury is less than total permanent. Unreasonableness of this construction is apparent. A claimant who sustained 40% partial disability from adjudicated (other cases) back injury and by

subsequent injury lost an arm, could be compensated only for the scheduled injury, despite being a physically impaired person under the statute, because disability was less than total. This same impaired claimant whose subsequent injury also was to the back could be awarded total permanent disability.

Legislative amendment of § 171 defining previously impaired persons clearly was intended to remedy apparent discrepancies in application of Special Indemnity Funds.

The trial court erred in holding claimant's adjudicated injuries were not combinable because claimant was not rendered total permanent disability.

Order vacated and cause remanded to State Industrial Court with directions to proceed in accordance with views expressed.

All the Justices concur.