STATE BUREAU OF INVESTIGATION — RETIREMENT — COMPUTATION OF EMPLOYEE'S CONTRIBUTION Under 74 O.S. 160 [74-160] (1971) an Oklahoma State Bureau of Investigation employee who formerly was a member of a municipal police department may continue his participation in the municipality's police pension and retirement system upon his continued contribution to said system based upon the current monthly salary of said employee from the Oklahoma State Bureau of Investigation. The contribution should be computed (a) on the same percentage as that contributed by officers currently in the employ of the municipality plus (b) the same percentage that the city appropriates to the system on behalf of its officers. There is no statutory authority for the renewal of participation in a local police pension and retirement system if an individual's contributions thereto have ceased and his participation is terminated by reason thereof. Local municipal ordinances are controlling in the absence of such statutory authority. In the absence of a municipal ordinance on the subject, renewal of participation is a discretionary matter with the local police pension and retirement board. The Attorney General has considered your request for opinion construing 74 O.S. 160 [74-160] (1971) and expanding on a previously issued opinion, 8 Okl.Op.A.G. _____ (75-345), specifically with regard to the following questions: "1. With regard to the manner of computation of the employee's contribution to the retirement system, that is, is the percentage of contribution based on the employee's salary with the Oklahoma State Bureau of Investigation, the employee's salary at the time he left the police department, or the salary of the position that the employee occupied while with the police department? "2. May an employee of the Oklahoma State Bureau of Investigation who previously participated under the pension system of a municipal police department, but who was at the time of employment with the Oklahoma State Bureau of Investigation unaware that he did not have to forfeit his pension rights, re-enter that system? "3. May an employee of the Oklahoma State Bureau of Investigation who was previously covered by a pension system of a municipal police department re-enter that system even though a break in service existed between the time the employee terminated employment with the police department and was employed with the Oklahoma State Bureau of Investigation?" Title 74 O.S. 160 [74-160] (1971) was previously construed in 8 Okl.Op. A.G. (75-345) and held that when a police officer of an Oklahoma municipality, covered by the municipality's police pension plan is appointed to a position in the Oklahoma State Bureau of Investigation, the individual contributions then being made on behalf of such officer to the city's police pension plan must be continued to ensure the officer's right to continued participation in the local system. The further holding of the opinion was that although there is no statutory obligation on either the city or state in such a situation to make any contribution to the pension system on behalf of the individual, Section 160 provides the statutory authority for the individual to continue such contributions himself. It is therefore clear that an individual who leaves a municipal police department for a position with the State Bureau of Investigation may, if he so elects, continue participating in the local pension system provided he ensures the contributions to the system made on his behalf are continued. 74 O.S. 160 [74-160] does not, however, direct the manner of computation of such contributions. Consequently, we must look to other authorities to determine the intent of the Legislature in that regard. Title 11 O.S. 541 [11-541](h) (1971) specifically provides that any city establishing a board of trustees is authorized to appropriate, for the use and benefit of its Pension and Retirement System, a sum of not to exceed ten percent (10%) percentum of the current annual salaries of its policemen. Title 11 O.S. 541 [11-541](i) (1971) provides for contributions by the policemen themselves, authorizing them to agree to contribute from their salaries as they deem necessary to meet the needs of their system. Statutes should be interpreted to reach the Legislature's true intent and meaning. Tannehill v. Special Indemnity Fund, 538 P.2d 590 (1975); Becknell v. State Industrial Court, Okl., 512 P.2d 1180 (1973). Statutes must be reasonably and sensibly construed in preference to a construction which renders all or part of the statutes useless or deleterious or permits absurd consequences. Tannehill v. Special Indemnity Fund, Id., Becknell v. State Industrial Court, Id. 11 O.S. 541 [11-541](h), supra, provides for ten percent of current annual salaries to be appropriated by the city to the pension system. Furthermore, it is apparent that the Legislature intended, in enacting 11 O.S. 541 [11-541](i), supra, for the policemen's current monthly compensation again to be the basis upon which contributions are to be computed. Certainly, it could not be said to have been the intention of the Legislature to allow discrimination among members in the contribution each makes to the retirement system. Rather, it must necessarily have been intended that the same percentage of each officer's salary would be contributed. 74 O.S. 160 [74-160] contains no provision which would purport to limit or restrict that contribution which an individual, formerly a member of the municipal police department who receives an appointment to a position with the State Bureau of Investigation, shall make to the local pension system. Conversely, it likewise does not provide for any greater contribution by such officer. The statute does provide that such individual's contributions must be continued "as if such person were in the original organization within which they qualified for such pension." During his employment with the city police department, the officer contributed to the pension system on the basis of a specific percentage of his monthly salary. We interpret the above-quoted language to evidence the intent of the Legislature for an officer in a situation such as you describe to continue contributing on the same basis following his appointment to a position with the State Bureau of Investigation. We have heretofore determined, in 8 Okl.Op.A.G.(75-345) that under 74 O.S. 160 [74-160], supra, it is the individual's responsibility to ensure that contributions made to the local system on his behalf are continued following his association with the Bureau of Investigation. We now hold that the contributions are to be computed in the same manner as when the individual was in the employ of the city. In other words, contributions are to be computed on the basis of such individual's current monthly salary payable in the same percentage that the regular police officers of the municipality contribute of their monthly salaries. With respect to the contributions formerly made by the city, the individual must contribute in the same percentage from his current monthly salary as the municipality appropriates on behalf of its officers. Requirements for retirement under the Police Pension and Retirement System Act are established by 11 O.S. 541 [11-541](k) (1975). The section further provides that any policeman eligible for retirement thereunder who served 20 years shall be retired at one-half of the annual average compensation of such policeman during the last 30 months, plus two and one-half percent for each additional year's service in excess of 20 years, not to exceed in any event three-fourths of the annual average compensation of such policeman during the last 30 months. An individual who accepts an appointment with the State Bureau of Investigation and continues to contribute to the police pension system of the municipality with which he was formerly employed in the manner set forth hereinabove is entitled, upon his retirement, to receive pension benefits computed in accordance with the formula set forth above based upon his final salary with the Bureau of Investigation. It is noted, however, that it is incumbent upon the individual in such situation to make an election with regard to the system in which he wishes to participate inasmuch as 11 O.S. 541 [11-541](x) of the Police Pension Retirement System Act provides, in part, that: ". . . No police officer, including those who transfer police service time or others, shall be permitted to receive more than one pension from the State of Oklahoma or its political subdivisions." In response to your second question, 74 O.S. 160 [74-160] contains no proviso for the renewal of participation with the local system in the event contributions cease and an individual's participation is terminated by reason thereof. In the absence of any statutory authority, local authority is controlling. In the absence of a municipal ordinance on the subject, it is a matter of discretion with the local pension board as to whether, and upon what conditions, such an individual would be accepted back into the local system. The answer to your second question is determinative of your third question. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: Under 74 O.S. 160 [74-160] (1971) an Oklahoma State Bureau of Investigation employee who formerly was a member of a municipal police department may continue his participation in the municipality's police pension and retirement system upon his continued contribution to said system based upon the current monthly salary of said employee from the Oklahoma State Bureau of Investigation. The contribution should be computed (a) on the same percentage as that contributed by officers currently in the employ of the municipality plus (b) the same percentage that the city appropriates to the system on behalf of its officers. There is no statutory authority for the renewal of participation in a local police pension and retirement system if an individual's contributions thereto have ceased and his participation is terminated by reason thereof. Local municipal ordinances are controlling in the absence of such statutory authority. In the absence of a municipal ordinance on the subject, renewal of participation is a discretionary matter with the local police pension and retirement board. (WM. DON KISER) (ksg) ** SEE: OPINION NO. 96-085 (1996) **