**FORT HOWARD CORPORATION and United States Fidelity and Guaranty, Petitioners,**

v.

**James SMARTWOOD and The Workers' Compensation Court, Respondents.**

**No. 86948.**

Court of Appeals of Oklahoma, Division No. 3.

Sept. 13, 1996.

Bill Settle, Muskogee, for Petitioners.

Cathy Mills, Tulsa, for Respondents.

**MEMORANDUM OPINION**

CARL B. JONES, Presiding Judge:

Employer and insurer appeal a Workers' Compensation Court order which awarded Claimant permanent partial disability payments due to a back injury. The only issue raised and briefed on appeal is that Claimant did not give notice of the injury to Employer within 60 days as required by 85 O.S.1993 Supp. § 24.2. The three-judge review panel affirmed the order of the trial court.

 Claimant's Form 3, filed February 16, 1995, alleged a back injury on July 24, 1994. The parties agree that an Amended Form 3 alleged June 6, 1994, as the date of injury. The medical records admitted into evidence indicate Claimant was seen on June 28, 1994, in the emergency room of the Muskogee Hospital and was referred to an orthopedic surgeon whom he first saw on July 8, 1994.

The doctor's records indicate that Claimant was not sure if the injury was work-related but that he had reported it to his employer. Those records also reflect June 28, 1994, as the date of injury or onset of symptoms. A laminectomy and disectomy were performed on July 25, 1994. Claimant testified at trial that although he had had back problems for four or five years, he had never needed or sought medical treatment. He identified June 6, 1994, as the date he felt a twinge in his back while doing heavy lifting at work. When the pain did not go away he went to the emergency room on June 28th.

This Court has recently construed the applicable language of 85 O.S.1993 Supp. § 24.2(A)[1] in *Protein Technologies International/Ralston Purina v. Hammock,* 876 P.2d 728 (Okla.App.1994). Therein we held the statute unequivocally specifies that medical attention within sixty days "suffices as notice" and to which there are "no exceptions." "There is no question Claimant was treated within sixty days, and thus under the 1986 statute (§ 24.2 was enacted in 1986), notice is not required by statute where medi-

cal treatment is received within sixty days." Id. at 731.

 The same can be said of the instant case. Notice is not required where medical treatment is received within sixty days of the injury. There is competent evidence that Claimant suffered a work-related injury on June 6, 1994. There is no dispute that medical treatment was received within sixty days thereafter. Under these circumstances, the lack of actual notice to Employer is irrelevant.

Employer's argument for reversal based on the lack of notice is rejected and the order below is accordingly SUSTAINED.

ADAMS, V.C.J., and GARRETT, J., concur.

---

1. "Unless an employee gives oral or written notice to the employer within sixty (60) days of the date an injury occurs or the employee receives medical attention from a licensed physician during the sixty-day period from the date an injury occurred, the claim shall be forever barred, unless, in the discretion of the trial judge, good cause is shown by the employee to the Court to excuse such failure of notice or treatment. * * * *" 85 O.S.1993 Supp. § 24.2(A).